In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1466

Phoenix Container, L.P.,
and Yasar Samarah,

Plaintiffs-Appellees,

v.

Ken Sokoloff, et al.,

Defendants.


Appeal of:

James Florio



Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 99 C 6630--Robert W. Gettleman, Judge.



Argued November 30, 2000--Decided December 18,
2000



  Before Flaum, Chief Judge, and Easterbrook
and Rovner, Circuit Judges.

  Easterbrook, Circuit Judge.  Exactly 30
days after being served with process in a
suit filed in state court, James Florio
filed a notice of removal, asserting that
complete diversity of citizenship among
the parties brought the case within
federal jurisdiction. See 28 U.S.C.
sec.sec. 1332, 1441(a). All defendants
joined Florio's notice, an essential
step. See Hanrick v. Hanrick, 153 U.S.
192 (1894); Torrence v. Shedd, 144 U.S.
527 (1892). This created a potential
problem, however, because the other
defendants were no longer entitled to
remove the action. "The notice of removal
of a civil action or proceeding shall be
filed within thirty days after the
receipt by the defendant, through service
or otherwise, of a copy of the initial
pleading setting forth the claim for
relief upon which such action or

proceeding is based". 28 U.S.C. sec.1446(b). Several defendants had been served with process before Florio, so their entitlement to remove had expired by the time Florio filed a notice of removal. The district court held that, unless every defendant is entitled to remove, then no defendant is entitled to remove. This application of the "first-served defendant rule" led the judge to remand the proceedings to state court. 83 F. Supp. 2d 928 (N.D. Ill. 2000).

Florio has filed this appeal to argue that the "first-served defendant rule" is incompatible with sec.1446(b). Florio reads "receipt by the defendant" to mean "receipt by the removing defendant" rather than "receipt by any defendant", for the latter dispenses with the definite article. On Florio's reading only the removing defendant need meet the time requirement, though all defendants still must agree to the federal forum. He also relies on the holding of Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), that "receipt . . . through service or otherwise" means receipt through formal service, and not otherwise. If receipt "otherwise" sufficed, the Court concluded, a defendant's time to remove could expire before he became a party. Just so, Florio insists, with the first-served defendant rule, which could--and here did--extinguish a defendant's right to remove before he became a party.

After Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 714-15 (1996), appeal (rather than mandamus) is the right way to contest remand orders. See Benson v. SI Handling Systems, Inc., 188 F.3d 780 (7th Cir. 1999). Nonetheless, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. sec.1447(d). Florio did not remove under sec.1443, which covers civil rights cases, so a straightforward reading of sec.1447(d) forecloses his effort to get appellate review. Yet just as the Court refused in Murphy Brothers to read sec.1446(b) literally, so it has declined to read sec.1447(d) literally. A series of cases beginning with Thermtron

Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976), and culminating in Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995), had produced this conclusion:

sec.1447(d) must be read in pari materia with sec.1447(c), so that only remands based on grounds specified in sec.1447(c) are immune from review under sec.1447(d). As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction--the grounds for remand recognized by sec.1447(c)--a court of appeals lacks jurisdiction to entertain an appeal of the remand order under sec.1447(d).

516 U.S. at 127-28 (citation omitted). A remand based on a conclusion that removal was untimely is "based on a . . . defect in removal procedure"; sec.1446 specifies removal procedures, and timeliness is a statutory condition of removal. Things Remembered held that a remand order is not reviewable by the court of appeals when the remand is "on grounds of untimely removal, precisely the type of removal defect contemplated by sec.1447(c)." 516 U.S. at 128 (footnote omitted).

Section 1447(d), as construed in Things Remembered, requires us to dismiss Florio's appeal. Here, just as in Things Remembered, the district judge remanded a proceeding on the statutory ground that removal had been untimely. Florio insists, however, that this case is different because the district judge used extra-statutory criteria to determine timeliness. Instead of sticking with the language of sec.1446(b), the district judge relied on two additional rules: the principle that removal is proper only if all defendants join the notice, and the supposed corollary (essential to the first-served defendant rule) that one defendant may join another's notice only if the joining defendant is eligible to remove on its own. Neither the all-defendants rule nor the first-served-defendant corollary can be found in sec.1446(b), which means, Florio concludes, that the case has not been remanded on a statutory ground, making appellate review available.

This is a nice try--close enough to require denial of appellees' request for

sanctions under Fed. R. App. P. 38--but no cigar. Section 1446(b) is not self-contained. No part of the judicial code is. All statutes depend for their meaning on external norms. Section 1446(b) uses words such as "filed" and "days" and "service" that can be understood only by reference to other sources of law. What it means to "file" a document recently required decision by the Supreme Court. See Artuz v. Bennett, 121 S. Ct. 361 (2000). Does "day" mean "calendar day" or "business day"? What happens when the court is closed (for the weekend or a holiday) on the last day of the 30-day period? What does "service" mean (the subject of Murphy Brothers)? To say that any resort to understandings and legal propositions that can't be found within the four corners of sec.1446 precludes application of sec.1447(d) would be to make the latter statute useless.

Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977), illustrates how sec.1447(d) works in conjunction with judicial glosses. Asserting diversity of citizenship, defendants removed a suit to federal court. Plaintiff filed a motion to remand, contending that diversity was not complete--and "complete diversity" (no plaintiff may have the same citizenship as any defendant) is the reading Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806), gave to the requirements of what is now 28 U.S.C. sec.1332(a). Plaintiff's argument had one more wrinkle. To go by criteria such as the corporate defendants' states of incorporation, which can be ascertained from public records, the complete-diversity requirement was satisfied. Nonetheless, plaintiff asserted, the federal court should disregard one defendant's actual state of incorporation and principal place of business, because in an earlier suit a lawyer for that corporation had filed an affidavit averring that the corporation was a citizen of Texas, the same state as the plaintiff. Applying a doctrine known as judicial estoppel, the district judge held that the affidavit bound the corporation in a later suit, precluding it from establishing its actual place of incorporation and principal place of business. Strawbridge's requirement of complete diversity plus the doctrine of judicial estoppel led to a remand order. The court of appeals deemed judicial

estoppel unavailable and issued a writ of mandamus. In re Southwestern Bell Telephone Co., 535 F.2d 859 (5th Cir. 1976), 542 F.2d 297 (en banc). But the Supreme Court unanimously reversed, holding that sec.1447(d) barred appellate review because the district court's bottom line was that the parties were not of diverse citizenship, a statutory ground of remand. Gravitt demonstrates that a court of appeals must look at the reason for remand rather than the reasoning supporting that decision. See also In re Amoco Petroleum Additives Co., 964 F.2d 706, 711-13 (7th Cir. 1992). Otherwise sec.1447(d) would amount to little more than a caution against reversing decisions that are not erroneous. Unless it blocks inquiry into the question whether the decision was erroneous, sec.1447(d) serves no function. Gravitt shows that a remand made erroneous by improper application of legal principles that influence application of sec.1446 is nonetheless conclusive.

For reasons mentioned in this opinion's second paragraph, the soundness of the district judge's decision is questionable. But that was no less true in Gravitt. In the end, this remand was based on a conclusion that the notice of removal was untimely, and such a decision is not reviewable by a court of appeals. Florio's appeal is dismissed under sec.1447(d).