# In the
# United States Court of Appeals
## For the Seventh Circuit

————————

No. 03-3488

JANET RUBEL,

*Plaintiff-Appellee,*

v.

PFIZER INC and WARNER-LAMBERT COMPANY,

*Defendants-Appellants.*

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 2674—**Robert W. Gettleman**, *Judge.*

————————

ARGUED FEBRUARY 23, 2004—DECIDED MARCH 24, 2004

————————

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Janet Rubel filed in state court a complaint alleging that Pfizer and Warner-Lambert had improperly promoted the prescription drug Neurontin for off-label uses (i.e., medical conditions not covered by the Food and Drug Administration's finding that the drug is safe and effective). She sought restitution of the amounts she had paid for the drug, an injunction forbidding future promotion for off-label uses, disgorgement of all profits Pfizer had made from these sales, and punitive damages. Rubel also sought to represent a national class

including everyone who had purchased Neurontin for off-label uses. Consistent with Illinois practice, the complaint did not attempt to estimate the amount in controversy.

Defendants removed the case to federal court under 28 U.S.C. §1441(a), alleging that the district court would have had original jurisdiction under 28 U.S.C. §1332(a)(1). The parties are of diverse citizenship (Rubel is a citizen of Illinois; the defendants are incorporated in Delaware and have their principal places of business in New York), and the notice of removal asserted that the amount in controversy exceeds $75,000. That is a plausible position, quite apart from any doubt about the potential for disgorgement and punitive damages, given this circuit's rule that the cost to the defendant of complying with an injunction counts toward the jurisdictional minimum. See *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609 (7th Cir. 1997). Sales of Neurontin exceed $1 billion annually, and an injunction curtailing the size of the market could be quite costly to the defendants (though the record does not show what portion of all prescriptions are for off-label uses). But the defendants did not attempt to quantify the losses to which disgorgement or an injunction would expose them. Nor did they comply with the Northern District of Illinois's Local Rule 81.2(a), which provides:

> Where one or more defendants seek to remove an action from an Illinois state court based upon diversity of citizenship, and where the complaint does not contain an express *ad damnum*, as to at least one claim asserted by at least one plaintiff, in an amount exceeding the jurisdictional amount in controversy, exclusive of interest and costs, specified in 28 U.S.C §1332 (the "jurisdictional amount") that is based on express allegations in that claim in conformity with that *ad damnum*, the

notice of removal shall include in addition to any other matters required by law:

>   (1) a statement by each of the defendants previously served in the state court action that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount; and

>   (2) with respect to at least one plaintiff in the Illinois action, either—

>   (A) a response by such plaintiff to an interrogatory or interrogatories (*see* Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or

>   (B) an admission by such plaintiff in response to a request for admissions (*see* Ill.S.Ct. Rule 216(a)), or a showing as to the deemed admission by such plaintiff by reason of plaintiff's failure to serve a timely denial to such a request (*see* Ill.S.Ct. Rule 216(c)), in either event conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.

Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B), or the occurrence of the event giving rise to a deemed admission by a plaintiff referred to in subparagraph (2)(B) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28

> U.S.C. §1446(b). Where the defendant or defendants do not include the statement required by paragraph (1) of this rule, or do not comply with one of the alternatives described in paragraph (2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.

Although this rule initially requires removing parties to submit not only the defendants' statement (subsection (1)) but also at least one plaintiff's acknowledgment (subsection (2)), the final sentence of the trailing unnumbered paragraph implies that either will suffice. Thus even if no plaintiff will concede that the stakes exceed $75,000 or refuse to accept a cap on recovery—neither option is helpful when removal is based on the cost to the defendant of an injunction or other equitable relief—a defendant can satisfy the rule by supplying "a statement by each of the defendants . . . that it is his, her or its good faith belief that the amount in controversy exceeds the jurisdictional amount". Because neither Pfizer nor Warner-Lambert has made such a representation—and did not offer any other evidence about the stakes, such as an affidavit estimating the cost of an injunction against off-label uses—the district court found that subject-matter jurisdiction had not been established and remanded the proceeding to state court. 276 F. Supp. 2d 904, 907-09 (N.D. Ill. 2003).

Pfizer and Warner-Lambert have appealed. Their immediate problem is 28 U.S.C. §1447(d), which provides: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise". The Supreme Court has been unwilling to take this language literally. A series of cases beginning with *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), and culminating in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), had produced this conclusion:

> §1447(d) must be read *in pari materia* with §1447(c), so that only remands based on grounds specified in §1447(c) are immune from review under §1447(d). As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by §1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under §1447(d).

516 U.S. at 127-28 (citation omitted). Pfizer and Warner-Lambert observe that Local Rule 81.2(a) is not among the grounds specified in §1447(c) and contend that we therefore may entertain an appeal that questions the rule's validity and application.

The problem with this position is that the district court did not remand the proceeding as a sanction for failure to comply with a local rule. Judge Gettleman, no less than the defendants, knows that §1447(c) does not mention local rules. Local Rule 81.2(a) itself says that the remand is "for failure to establish a basis of federal jurisdiction." The rule is designed to elicit information that will enable the district court to determine whether the amount in controversy exceeds the jurisdictional minimum. If the removing party does not supply vital information, then a remand follows—because it is the defendant, as the proponent of federal jurisdiction, who bears the risk of nonpersuasion. When the papers filed in the district court do not establish subject-matter jurisdiction, remand is obligatory; and appellate review of a remand based on the lack of federal jurisdiction is securely blocked by §1447(d). See, e.g., *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723 (1977), in addition to the language we have quoted from *Things Remembered*. See also *Adkins v. Illinois Central R.R.*, 326 F.3d 828 (7th Cir. 2003).

What appellants want us to do is look past the ultimate ground (lack of jurisdiction) to the reasoning behind it. They contend that if the line of reasoning is not *itself* mentioned

in §1447(c), then §1447(d) may be disregarded. That contention is one we have entertained, and spurned, before. See *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352 (7th Cir. 2000). As we observed there, no part of the Judicial Code is self-contained. All depend for their operation on assumptions about how the legal system works. A statute saying "remand when jurisdiction does not exist" presumes that the court has a means to determine jurisdictional facts. Local Rule 81.2(a) is one such mechanism; Fed. R. Civ. P. 12(b)(1) is another, and no more mentioned in §1447 than is Local Rule 81.2. If we could look past the conclusion (no jurisdiction) to the procedures behind it, the norm of §1447(d) would evaporate. If, for example, the district judge had held a hearing under Rule 12(b)(1), accepted evidentiary submissions of all kinds (not just those listed in Local Rule 81.2), found that the stakes are less than $75,000, and remanded for lack of jurisdiction, by appellants' reasoning an appeal would lie from that decision. They would say something like: "We are not contesting the judge's understanding of federal jurisdiction but instead we seek review of clearly erroneous finding of fact." That sort of reasoning would nullify §1447(d). We rejected it in *Phoenix Container* and reject it again today. Appellate courts review judgments, not opinions. If the judgment is one remanding for lack of jurisdiction, the reasoning in the opinion is not independently reviewable. (Appellants do not contend that the ostensible ground is other than the real one; instead they challenge the reasoning behind the actual ground. We need not decide whether appellate review would be available if a judge dissembled about the reason, slapping a "no jurisdiction" label on a remand based on, say, a belief that federal judges ought not hear tort suits.)

If a district judge were to construe Local Rule 81.2(a) in a way that conditioned removal on plaintiff's acknowledgment that the stakes exceed $75,000—*i.e.*, if the court were to understand the rule to require defendants to satisfy both

subsection (1) and subsection (2)—that would call its validity into serious question. Removal is proper if the defendant's estimate of the stakes is plausible; plaintiffs can't prevent removal by refusing to concede that the controversy exceeds the jurisdictional minimum or by insisting that injunctions do not count toward the amount in controversy. See *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993). Because all local rules must be consistent with federal statutes, see 28 U.S.C. §2071(a), Fed. R. Civ. P. 83(a)(1), a rule blocking the defendants from making an independent estimate of the amount in controversy, or from relying on the costs of equitable relief, could not be enforced. But the district court did not use Local Rule 81.2(a) in that fashion—and, even if it had done so, appeal would not be a remedy given §1447(d). Pfizer and Warner-Lambert can ask the Supreme Court of the United States for review if they are ultimately unsuccessful in state court. In the meantime, the validity of Local Rule 81.2 may come before this court in some other case in which the judge declines to remand and enters judgment on the merits adverse to plaintiff, who argues on appeal that the case should have been litigated in state court. The validity of Local Rule 81.2 also could be considered by the Judicial Council of this circuit. See 28 U.S.C. §2071(c)(1). Although the Northern District of Illinois promulgated Local Rule 81.2 in 1997, it did not then comply with §2071(d) by presenting the new rule to the Council for review. It did include Local Rule 81.2 in a package of rules submitted to the Council in September 1999. Although the Circuit Executive asked the Northern District for further information on May 15, 2000, that court never responded, so the validity of this rule has yet to be evaluated by the Judicial Council. None of these considerations affects appellate jurisdiction, however, so although some questions about Local Rule 81.2 remain unanswered, this appeal is

DISMISSED FOR WANT OF JURISDICTION.

**A true Copy:**

     **Teste:**

          _____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*