**Anita IVORY, Plaintiff,**

v.

**MERCK & CO., INC., Defendant.**

**No. 04 C 6762.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 26, 2004.

---

Daniel A. Edelman, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiff.

Eugene Edward Murphy, Jr., Horwood, Marcus & Berk, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Merck & Co., Inc. ("Merck") has filed a Notice of Removal ("Notice") of this putative class action from the Circuit Court of Cook County, seeking to hang its jurisdictional hat on the diversity of citizenship tree. But in so doing Merck has seriously mischaracterized the action as it has been framed by plaintiff Anita Ivory ("Ivory"). Hence this Court sua sponte remands the case to its place of origin because, without question, "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. § 1447(c) [1]).

It appears that the parties' citizenship is diverse: Ivory is characterized by Notice ¶ 6 as an Illinois citizen,[2] and Com-

---

1. All further references to Title 28's provisions will simply take the form "Section—."

2. That may or may not be the case. Complaint ¶ 5 says only that she is an Illinois *resident* (not necessarily, though most often, connoting Illinois citizenship). Indeed, if *Ivory* had chosen to sue in this District Court, that allegation would not have sufficed for diversity purposes (*Held v. Held*, 137 F.3d 998, 1000 (7th Cir.1998)).

plaint ¶ 6 confirms Merck's dual citizenship (Section 1332(c)(1)) as being in New Jersey. But the problem lies in the absence of the requisite amount in controversy, as to which Complaint ¶ 3 alleges—with the obvious intent to keep the case in the Circuit Court:

> Neither plaintiff's claims nor those of any class members exceed the sum of $75,000.[3]

▮▮▮ To avoid that consequence, Merck seeks to call into play the "either viewpoint" rule that is applicable where a lawsuit seeks injunctive or declaratory relief (see, e.g., *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir.2004)). But that is readily seen to be a red herring in this instance:

1. Merck's Vioxx product was *voluntarily* withdrawn from the market *before* Ivory brought suit (Complaint ¶¶ 14 and 17–19), and the lawsuit seeks damages for a closed period that ended on the September 30, 2004 date of such withdrawal (Complaint ¶ 39). So injunctive relief is not even arguably implicated, nor can Merck transmute the damages claims of Ivory and each prospective class member into a declaratory judgment action that triggers the "either viewpoint" approach.

2. In the class action context, the amount in controversy is measured in terms of each plaintiff's separate claim, not the aggregate amount that may be at risk for the defendant. Indeed, class members with separate claims of $75,000 or less cannot themselves gain access to the federal court by aggregating their claims for amount-in-controversy purposes (*Snyder v. Harris*, 394 U.S. 332, 338, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), reconfirmed in *Zahn v. Internat'l Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)).[4]

▮▮▮ With that string to its bow having been broken at the outset, Merck also points to Ivory's prayer for punitive damages as an asserted means to push the amount in controversy above the jurisdictional floor. But quite apart from the closer scrutiny to which punitive damage claims are to be subjected for amount-in-controversy purposes (see, e.g., *Anthony v. Sec. Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315–17 (7th Cir.1996)), here too the Complaint ¶ 3 acknowledgment that neither Ivory's nor any other class member's claim (including the prayed-for punitive damages) exceeds $75,000 scotches that argument.

---

3. [Footnote by this Court] Because Complaint ¶ 4 expressly disclaims "seek[ing] to recover in this action for any personal injury she or others may have sustained as a consequence of the ingestion of the drug," Complaint ¶ 3 does not run afoul of the prohibition in 735 ILCS 5/2–604 against pleading an ad damnum in personal injury cases. Instead Ivory's pleading is in total compliance with the general requirement contained in the same statute, to which personal injury cases are made an exception. And that vital distinction renders irrelevant and wholly misconceived Merck's attempted reliance on any opinion such as that in *Zeedyk v. Merck & Co., Inc.*, No. 02 C 4203 (N.D.Ill. Aug. 30, 2002), attached as Notice Ex. B (an opinion with which this Court differs in other respects).

4. This case does not of course implicate the question whether *Zahn's* other holding (the inability of class members with claims under $75,000 to piggyback into the federal court on the claims of other class members that do exceed the jurisdictional threshold) remains viable. Just last week the Supreme Court granted certiorari in *Exxon Corp. v. Allapattah Servs. Inc.*, 333 F.3d 1248 (11th Cir.2003) and *Ortega v. Star–Kist Foods Inc.*, 370 F.3d 124 (1st Cir.2004) to address that question in light of the supplemental jurisdiction provision of Section 1367. But the portion of the *Zahn* holding referred to in the text indisputably remains intact.

Finally, Merck seeks to relabel the unjust enrichment claim set out in Complaint Count II as one seeking "disgorgement of profits," again seeking to divert the focus of the action from each plaintiff's claim to Merck's aggregate potential liability. That simply won't work—once again such an attempted change in labels cannot and does not alter the self-limitation of the individual claims (the only proper focus) in Complaint ¶ 3.

In summary, each potential predicate for diversity jurisdiction advanced by Merck does not survive scrutiny. Because federal subject matter jurisdiction is therefore plainly and incurably lacking, this action is remanded to the Circuit Court of Cook County in accordance with Section 1447(c). There is no reason to delay the return of the lawsuit to its proper home, and as permitted by this District Court's LR 81.2(b) the Clerk is ordered to mail the certified copy of the remand order forthwith.