Justice Scalia,
concurring in part and concurring in the judgment.
I join the judgment of the Court, and Parts I, III, and IV of the Court’s opinion; I do not join Part II for the reasons set forth below.
The District Court ordered these cases remanded to state court for want of jurisdiction. We know this because the orders say so: “Because the Court lacks subject matter jurisdiction, the Court REMANDS this action to the Madison County, Illinois Circuit Court.” App. to Pet. for Cert. 27a; see also id., at 30a, 40a, 46a, 51a, 57a, 64a. Even if those decisions were incorrect, the Court of Appeals lacked juris *649 diction to review them because 28 U. S. C. § 1447(d) bars appellate review of remand orders based on lack of subject-matter jurisdiction. See, e. g., Things Remembered, Inc. v. Petrarca, 516 U. S. 124, 127-128 (1995). The Court correctly concludes that the Seventh Circuit’s review of the remand orders overstepped its appellate authority. I disagree with the Court’s reasoning in Part II, however, because it holds only that the Court of Appeals’ recharacterization was incorrect, and not (as I believe) that recharacterization — being a form of review — is categorically forbidden.
The Court of Appeals rejected the District Court’s description of its orders because it believed the District Court had been too loose in its use of the term “jurisdiction.” 373 F. 3d 847, 849-850 (2004). What the District Court actually did, the Court of Appeals concluded, was to remand on nonjurisdietional grounds (not subject to the appellate-review bar of § 1447(d)) after deciding that petitioners’ suits were not precluded. Such recharacterization seems to me flatly inconsistent with § 1447(d). Under that section, an “order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.” Ibid. (emphasis added). But appellate review is exactly what is involved in looking behind the face of an order to determine its true basis: In order to reject a district court’s own characterization, a court of appeals must decide, as the Seventh Circuit did here, that the district court was wrong. We have therefore held, in language that makes plain the correct outcome here, that “[i]f a trial judge purports to remand a case on the ground that it was removed 'improvidently and without jurisdiction,’ his order is not subject to challenge in the court of appeal, by mandamus, or otherwise.” Thermtron Products, Inc. v. Hermansdorfer, 423 U. S. 336, 343 (1976) (quoting § 1447(c) (1970 ed.); emphasis added). Whether the District Court was right or wrong — even if it was so badly mistaken that it misunderstood the true basis for its or *650 ders — it purported to remand for lack of jurisdiction, and § 1447(d) bars any further review.*
Review of the sort engaged in by the Court of Appeals threatens to defeat the purpose of § 1447(d). As we recognized in Thermtron Products, the appellate-review bar was enacted “to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues.” Id., at 351. Such delay can be created just as easily by asking whether the district court correctly characterized the basis for its order as it can by asking whether that basis was correct— which even the Court of Appeals recognized was beyond its jurisdiction, 373 F. 3d, at 849. See also Thermtron Products, supra, at 343 (noting that § 1447(d) “prohibits review of all remand orders [based on lack of subject-matter jurisdiction] whether erroneous or not”). The remand orders in these cases date back to early 2004; over two years later, federal courts are still engaged in appellate review.
The Court should end this delay by holding that appellate courts cannot look behind the stated basis for the district court’s remand order. Instead, it concludes that “the District Court was correct in understanding its remand order to be dictated by a finding that it lacked removal jurisdiction.” Ante, at 642 (emphasis added). It seems to me no more within our authority to declare the District Court’s views correct than it was within the Court of Appeals’ authority to reject them. Either decision is an exercise of appellate review barred by the plain terms of § 1447(d).

To say that we cannot recharacterize the District Court’s remand for lack of jurisdiction is not to say that the basis for the remand is forever insulated from review. Part III of the Court’s opinion makes clear that the underlying legal issue of preclusion remains open in state court, and need not be resolved in accordance with the (unreviewable) views of the District Court.