**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 10, 2015[*]
Decided February 13, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-2710

| | |
|---|---|
| QUINSHELA BROWN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 C 4247 |
| PATRICIA E. YOUNG, *Defendant-Appellee*. | Gary Feinerman, *Judge*. |

**O R D E R**

Quinshela Brown appeals the district court's order remanding her state tort suit that she had removed to federal court under 28 U.S.C. § 1443(1). The district judge determined that removal was inappropriate because Brown had not satisfied the standard under that statute. We affirm.

---

[*] The appellee was not served in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this appeal is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

Brown sued her neighbor Patricia Young in state court for personal injuries after Young gave police an allegedly false report accusing her of battery. The state court made several adverse procedural rulings that Brown believes deprived her of due process. She repeatedly sought to void the orders and remove each participating judge for cause.

Brown then filed a notice of removal under 28 U.S.C. § 1443(1), alleging that she could not enforce her right to due process in state court. That provision authorizes removal of a state-court action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." The district court promptly rejected her argument because she could not plausibly allege that "some formal expression of state law" prevented her from enforcing any race-based civil rights.

Brown moved for reconsideration, insisting that the court had misunderstood her basis for removal, but she failed to appear at her scheduled hearing and the court denied the motion.

Brown then sought relief from judgment under Federal Rule of Civil Procedure 60(b), asserting that the court violated due process when it ruled on her motion without a hearing. The court, however, stated that no hearing was necessary to reject her "patently meritless" motion and denied relief.

An order remanding a case to the state court from which it was removed is not appealable, unless as here the case was removed under § 1443. *See* 28 U.S.C. § 1447(d); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352, 354 (7th Cir. 2000). We therefore have jurisdiction to hear this appeal.

On appeal Brown argues that the district court misunderstood her basis for removal. She asserts that the state judges' corruption—as reflected by their adverse rulings—prevented her from enforcing two federal civil rights in state court: her rights to receive a fair hearing and to proceed pro se.

But Brown's argument suffers a fundamental defect: Section 1443 authorizes removal of certain cases only by "defendants" and Brown—as the party filing suit in state court—is a "plaintiff," even if the defendant, Young, files a counterclaim. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941); *First Bank v. DJL Properties, LLC*, 598 F.3d 915, 916 (7th Cir. 2010). Moreover, the "civil rights" identified by Brown—her rights to due process and to represent herself—are phrased in terms of "general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *see Fenton v. Dudley*, 761 F.3d 770, 773–75 (7th Cir. 2014).

Brown also maintains that her due-process rights were violated because the district court denied her Rule 60(b) motion without a hearing. But district judges have discretion over whether to conduct a hearing on a Rule 60(b) motion, *see United States v. 8136 S. Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1086 (7th Cir. 1997), and Brown has not explained why a hearing was necessary, let alone how the district court abused its discretion in concluding that one was not warranted by her "patently meritless" motion.

We have considered Brown's remaining arguments and none has merit.

This appeal is frivolous. Brown was told six years ago that a state-court plaintiff cannot remove a suit to federal court. *Turner v. Jackson Park Hosp.*, 314 Fed. App'x 879, 880 (7th Cir. 2009). (After her former husband's death, Quinshela Turner changed her name to Brown; we believe that both appeals involve the same litigant.) Moreover, Brown has compiled an extensive record of frivolous litigation and has been warned that continuation will lead to sanctions. The absence of any frivolous appeal between 2008 and 2015 leads us to refrain from imposing sanctions in this appeal. But any further frivolous litigation will not receive similar lenity.

AFFIRMED.