## SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

### and

### R.D. McCullough, II, Intervening Plaintiff–Appellee,

v.

### Richard W. SUTER, Defendant–Appellant.

### Nos. 86–3028, 87–1509.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 27, 1987.

Decided Oct. 22, 1987.

Gordon James Arnett, Chicago, Ill., for defendant-appellant. Arnold H. Landis (Intervenor) Law Office of Arnold H. Landis, Chicago, Ill., for intervening-appellee.

Elizabeth Stein, S.E.C., Office of General Counsel Washington, D.C., for plaintiff-appellee.

Before POSNER, EASTERBROOK, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

Richard Suter appeals from two orders by the district court in a suit brought against him by the SEC for fraud and other misconduct in the sale of securities, in violation of the Securities Act of 1933, 15

U.S.C. §§ 77a *et seq.* Suter has a long history of committing frauds. See, e.g., *SEC v. Suter*, 732 F.2d 1294 (7th Cir.1984); *United States v. Suter*, 755 F.2d 523 (7th Cir.1985); *McCullough v. Suter*, 757 F.2d 142 (7th Cir.1985). In this latest caper, Suter by a nationwide mailing solicited funds to invest in limited partnerships that would buy commodities futures. He did not register the offering, as required by the Securities Act, and having received the funds he failed to invest them, never having created the partnerships. On February 6, 1986, the district court entered a permanent injunction against Suter and at the same time ordered him to account for his receipts from the illegal offering. Suter did not appeal from the February 6 order, nor file within 10 days a motion to alter or amend the judgment under Rule 59(e), which would have tolled the time for appeal. Instead he filed three successive motions to vacate the injunction, all of which were denied, the last on November 7, 1986, and he filed a notice of appeal from the last denial. With that appeal we have consolidated his appeal from a later order, authorizing the SEC to disburse some $33,000 in funds formerly controlled by Suter to the investors in his illegal scheme.

 We have no jurisdiction of the first appeal. Ordinarily, the denial of a motion to vacate an injunction would be appealable under section 1292(a)(1) by the express terms of that statute, which authorizes the appeal among other things of interlocutory orders that "refus[e] to dissolve ... injunctions." If, however, the only purpose of the motion was to take a belated appeal from the order entering the injunction, we penetrate through form to substance and treat the appeal from the denial of the motion to vacate as an untimely appeal from the injunction, and dismiss the appeal for lack of jurisdiction. See, e.g., *Buckhanon v. Percy*, 708 F.2d 1209, 1212 (7th Cir.1983); *Charles v. Daley*, 799 F.2d 343, 347–48 (7th Cir.1986). This is such a case. Suter's briefs in this court, as well as his filings in the district court, reveal that his only ground for vacating the injunction is that it should never have been entered in the first place. Neither his motions nor his briefs suggest that, even if the injunction was properly entered in the first place, it should now be vacated because of changes in fact or law since its entry.

If the permanent injunction was not a final decision within the meaning of section 1291, then even if Suter forfeited his right to appeal under section 1292(a)(1) from the denial of his last motion to vacate the injunction, maybe he can appeal on the ground that the denial was a final decision appealable under section 1291. We need not decide whether such an argument would have any merit. The entry of the permanent injunction was a final decision; the retention of jurisdiction to provide such further relief as might be necessary to make the injunction effective—further relief illustrated by the disbursement order— did not deprive the permanent injunction of finality. *University Life Ins. Co. v. Unimarc Ltd.*, 699 F.2d 846, 848–49 (7th Cir. 1983). The motions to vacate the injunction were efforts to create appellate jurisdiction over the injunction long after the deadline for an appeal had passed.

 If, after a final judgment is entered, post-judgment proceedings ensue in the district court, those proceedings are treated for purposes of appeal under section 1291 as a separate lawsuit, and orders entered in them may be appealed if but only if final. *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1184–85 (7th Cir.1987). The order of disbursement that the district court entered on March 3, 1987, is a final order in the post-judgment proceedings because it wound up those proceedings. It is therefore appealable. Of course, it brings up for our review only issues left unresolved in the main case, which ended with the entry of the permanent injunction. Suter ignores this distinction; the arguments he makes against the disbursement order appear to be challenges to the original judgment rather than to that order or any other aspect of the post-judgment proceedings.

 At all events the arguments are frivolous (a point of independent signifi-

cance since it is essential to the issue of sanctions, discussed next). Suter argues that he was denied equal protection of the laws when a motion in the case was heard by the district judge on emergency duty rather than the regularly assigned judge, that the investors whom he defrauded should be held to their contractual commitment not to get their money back for five years, and that the SEC has no power over him because some of the misrepresentations by which he obtained funds for the nonexistent limited partnerships were contained in an investment newsletter that he publishes. Only the last argument requires even brief comment. It rests on *Lowe v. SEC*, 472 U.S. 181, 105 S.Ct. 2557, 86 L.Ed.2d 130 (1985), the only case cited by Suter in either of his appeal briefs. The question in *Lowe* was whether individuals not registered as investment advisers under the Investment Advisors Act of 1940 could nonetheless be enjoined under the Act from publishing investment newsletters. The Court held that these individuals were within the statutory exemption for persons who publish a "bona fide ... financial publication of general and regular circulation." Unlike Suter, they were engaged full time in publishing newsletters, did not trade any securities written up in the newsletters, and were not accused of violating the Securities Act of 1933. A person engaged in securities fraud cannot obtain immunity by the simple expedient of publishing an investment newsletter.

Not only are the appeals frivolous but they cap a long course of frivolous filings by Suter in the district court, and we have decided to impose sanctions under Rule 38 of the Federal Rules of Appellate Procedure. In addition, the quality of Suter's two briefs, filed on his behalf by Gordon James Arnett, a member of the bar of this court, falls below minimum professional standards. The argument portion of the brief in the first appeal is two and a half pages long and contains one case citation (*Lowe* ) plus long quotations from an article in the *Harvard Business Review* whose relevance to this case we are unable to fathom. The brief in the second appeal contains a longer argument section (four pages), but most of it is taken verbatim from the first brief; again only one case, the irrelevant *Lowe*, is cited; and the arguments as we have seen are frivolous. The briefs raise a serious doubt whether Mr. Arnett is minimally competent to represent persons in this or any other court, and we are therefore sending them together with a copy of this opinion to the Illinois Registration and Disciplinary Commission. We direct the SEC to submit to the clerk of this court, within 15 days, a statement of its expenses reasonably incurred in defending against Suter's two appeals.

APPEALS DISMISSED WITH SANCTIONS.