IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 01-21064
_____

AUGUSTINE DUBE; NOELLE DAVIS; KSHANTI MORRIS; RUBEN
CAPALETTI; ROBIN MCVEIGH; MELVIN EVANS; CHERYL
MEACHUM-EVANS; BERNARD GREAUX,

                                        Plaintiffs - Appellants,

PROVOST UMPHREY LAW FIRM LLP,

                                                  Appellant,

     v.

EAGLE GLOBAL LOGISTICS, also known as Eagle U S A Airfreight Inc.,

                                         Defendant - Appellee,
       and

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                                  Appellee.

-------------------------------------------------------------------
                      Consolidated With
                      Case No. 01-21258

AUGUSTINE DUBE; NOELLE DAVIS; KSHANTI MORRIS; RUBEN
CAPALETTI; ROBIN MCVEIGH; MELVIN EVANS; CHERYL
MEACHUM-EVANS; BERNARD GREAUX,

                                        Plaintiffs - Appellants,
     v.

EAGLE GLOBAL LOGISTICS, also known as Eagle USA Airfreight Inc.,

                                         Defendant - Appellee,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                                  Appellee.


                      ----------------------
          Appeals from the United States District Court for the
                      Southern District of Texas
                      ----------------------

November 25, 2002

Before WIENER and STEWART, Circuit Judges, and RESTANI[*], Judge.

BY THE COURT:

Before us is the motion of Defendant-Appellee Eagle Global Logistics ("Eagle") to impose sanctions on Plaintiffs-Appellants, their counsel (principally, the "Provost Umphrey" law firm[1]), or both. Eagle invites us to rely on Rule 38 of the Federal Rules of Appellate Procedure, as well as 28 U.S.C. § 1927 and our inherent powers. We choose to decide this matter under Rule 38 only, and impose sanctions against Provost Umphrey thereunder.

Eagle's request for sanctions is predicated on our previous rejection of Provost Umphrey's appellate briefs as noncompliant and on that firm's subsequent voluntary dismissal of its clients' consolidated appeals. We rejected Provost Umphrey's briefs as noncompliant because, inter alia, they contained "specious arguments" and had "grossly distorted" the record through the use of ellipses to misrepresent the statements and orders of the district court.

Under Rule 38, a federal appellate court, following a motion by counsel, may impose "just damages" and award single or double

---

[*] Judge of the U.S. Court of International Trade, sitting by designation.

[1] Three attorneys not formally associated with Provost Umphrey signed the offending appellate briefs: Jonathan S. Massey, Daniel Guttman, and Marian S. Rosen. These attorneys are held jointly and severally liable with Provost Umphrey for the sanctions imposed hereunder.

2

costs to an appellee if the court determines that an appeal is frivolous. In construing Rule 38, federal courts define a "frivolous appeal" in terms of either the legal merits of the case or the acts and methods of appellate counsel.[2] With respect to the latter, we have followed the lead of other circuits[3] that have sanctioned attorneys for filing briefs that were "bent on misleading the court"[4] and for advancing arguments that fell "below minimum professional standards."[5] Courts of Appeal have also sanctioned attorneys under Rule 38 for breaches of professional conduct essentially identical to those committed by Provost Umphrey in these consolidated appeals, i.e., misrepresenting the record and using ellipses to misrepresent statements out of context.[6]

Inasmuch as Provost Umphrey elected to dismiss its clients' appeals and exhibited a degree of contrition following our initial

---

[2] The Federal Circuit casts this distinction in terms of appeals that are "frivolous as filed" versus appeals that are "frivolous as argued." Finch v. Hughes Aircraft Co., 926 F.2d 1574 (Fed. Cir. 1991).

[3] Coghlan v. Starkey, 852 F.2d 806, 816 n.19 (5th Cir. 1988).

[4] Herzfeld & Stern v. Blair, 769 F.2d 645, 647 (10th Cir. 1985).

[5] SEC v. Suter, 832 F.2d 988, 991 (7th Cir. 1987).

[6] Ortiz-Villafane v. Segarra, 797 F.2d 1, 2 (1st Cir. 1986) (sanctioning attorney for "blatant misrepresentations [of the record] in appellant's brief"); Paulik v. Rizkalla, 796 F.2d 456, 460 (Fed. Cir. 1986) (sanctioning attorney for using ellipses to create "flagrant misrepresentations of the record, [which] was a gross violation of the high standards of professional conduct that we expect and demand of members of our bar").

ruling in this matter, we deem sanctions in an amount equal to the attorneys' fees and costs actually incurred by Eagle in the appeal of these actions to be sufficient. In cases such as this one, however, appellants generally are not held accountable for the offending tactics employed by their attorneys. Thus, appellate counsel alone are frequently held personally liable for any sanctions imposed by the court.[7]

IT IS ORDERED, therefore, that Eagle's motion for sanctions against Provost Umphrey under Rule 38 is GRANTED, in the amount of Eagle's attorneys' fees and costs actually incurred ($71,117.75).

IT IS FURTHER ORDERED that Eagle's request for sanctions against Plaintiffs-Appellants and for other sanctions against their counsel is DENIED.

---

[7] Coghlan, 852 F.2d at 818. See also Hilton Co. (V.I.) Inc. v. Hyatt Int'l, 899 F.2d 250, 253-54 (3d Cir. 1990) (citing circuits that have interpreted Rule 38 as permitting a court to hold an attorney personally liable for sanctions imposed thereunder).