# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-3426

BARBARA ERB and ALADDIN INDUSTRIES, LLC MASTER
RETIREMENT TRUST, on behalf of themselves and all others
similarly situated,

*Plaintiffs-Appellees,*

*v.*

ALLIANCE CAPITAL MANAGEMENT, L.P.,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04 C 485—**G. Patrick Murphy**, *Chief Judge.*

———————

ARGUED JUNE 2, 2005—DECIDED SEPTEMBER 2, 2005

———————

Before FLAUM, *Chief Judge*, and BAUER and EVANS,
*Circuit Judges.*

FLAUM, *Chief Judge.* Barbara Erb brought a class action
in state court against Alliance Capital Management, L.P.
("Alliance"), a mutual fund manager, asserting that Alliance
had breached a contract with her and other investors in one
of Alliance's funds by buying poorly rated securities.
Alliance removed the suit to federal court under the
Securities Litigation Uniform Standards Act of 1998, Pub.
L. No. 105-353, 112 Stat. 3227 ("SLUSA"). SLUSA preempts
certain class actions based on state law alleging that a
defendant made "an untrue statement or omission of a
material fact in connection with the purchase or sale of"

federally-regulated securities. 15 U.S.C. § 77p(b). Alliance argued that Erb's alleged breach of contract claim was really a claim of misrepresentation in disguise, and thus preempted by SLUSA. The district court held that SLUSA did not preempt Erb's claim and remanded the case to state court. Alliance failed to appeal that remand order.

Erb then filed an amended complaint in state court adding Aladdin Industries, LLC Master Retirement Trust ("Aladdin") as a plaintiff and class representative. Like the original, the amended complaint purports to state a claim for breach of contract only. Alliance removed the case a second time to federal court, arguing that the amendments to the complaint make even more transparent that plaintiffs' claim is for misrepresentation, not breach of contract. Again, the district court held the claim not preempted by SLUSA and remanded to state court. Alliance now appeals. We find Alliance's notice of appeal untimely and dismiss the appeal for want of jurisdiction.

## I.  Background

On October 1, 2003, Erb filed a class action against Alliance in Illinois circuit court. The original complaint alleged that defendant managed the Alliance Premier Growth Fund, a mutual fund formed to invest in large capitalization growth stocks. The complaint asserted that Alliance offered to sell shares of the fund through a prospectus, and confirmed purchases of fund shares through subscription and confirmation agreements. The complaint claimed that the prospectus, subscription agreements, and confirmation agreements collectively established the terms of a contract with investors in the fund. Erb asserted that she had invested in the fund and, by doing so, accepted the terms of the alleged contract. The terms of that contract, moreover, allegedly bound Alliance to purchase only "1-rated securities," stocks identified by Alliance's proprietary

research as the best of the best investments. The complaint claimed that Alliance breached that contract by "purchasing shares of stock that, at the time of purchase, were not" 1-rated. (Compl. ¶ 16.) The initial complaint sought to certify as a class "[a]ll persons owning shares in the Alliance Premier Growth Fund within the last 10 years who were damaged by Alliance Capital's purchase of stocks that were not [1-rated] at the time of purchase." (*Id.* ¶ 19.) The complaint did not expressly accuse Alliance of making an untrue statement or misrepresentation of material fact.

Alliance removed the case to federal court, asserting that plaintiff's claim, though in form alleged a breach of contract, in substance asserted misrepresentation. On February 25, 2004, the district court held that SLUSA did not preempt Erb's claim and remanded the case to state court. Aladdin did not appeal that order.

On June 24, 2004, Erb filed an amended complaint in state court. The amended complaint adds Aladdin, an institutional investor, as a plaintiff and class representative. The pleading asserts that Alliance distributed a fund prospectus, marketing materials, and advertising materials specifying that it would purchase only 1-rated securities for the Premier Growth Fund. As alleged, the fund prospectus and marketing and advertising materials proposed the terms of a contract that, when accepted by fund investors, bound Alliance to purchase only these highly rated securities for the fund. Allegedly, these materials also obligated Alliance contractually to purchase only 1-rated securities for other portfolios that, while not a part of the fund, had the same investment strategy and objectives. The amended complaint claims that Alliance breached this contract by purchasing stocks that were not 1-rated. It seeks to certify the following class:

> All persons or entities holding an interest in the Portfolios (including all persons or entities owning and

holding shares in the Alliance Premier Growth Fund) between the date on which Alliance Capital's . . . portfolio managers no longer had discretion to purchase any stock that was not [1-rated] by Alliance Capital (believed to be late 1996) who were damaged by Alliance Capital's . . . portfolio management in breach of the [prospectus, marketing materials, and advertising materials] . . . .

(Am. Compl. ¶ 19.) Like the original complaint, the amended complaint does not expressly accuse Alliance of making an untrue statement or misrepresentation of material fact.

On July 13, 2004, Alliance removed the case a second time to federal court. It argued that the amended complaint fundamentally changed the nature of the action and made even more apparent that plaintiffs' claims, though styled as a breach of contract, were for misrepresentation and therefore preempted by SLUSA. The district court again disagreed and, on August 30, 2004, ordered the case remanded to state court. On September 15, 2004, Alliance filed a notice of appeal designating the August 30th remand order as the order being appealed.

## II. Discussion

Alliance argues that plaintiffs' amended complaint states a securities fraud claim in disguise, and that the district court therefore should have dismissed it as preempted by SLUSA. Plaintiffs contend that Alliance's notice of appeal is untimely. Erb and Aladdin assert that Alliance is attempting to revisit the issues decided by the district court in its February 25, 2004 remand order, an order that Alliance did not appeal.

Assuming that 28 U.S.C. § 1447(d) does not block appellate jurisdiction, an order remanding a case to state court

is appealable immediately. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 715 (1996). Where an order is immediately appealable, usually a party may elect either to appeal right away or wait until after the final judgment has been entered. *See Pearson v. Ramos*, 237 F.3d 881, 883 (7th Cir. 2001) ("Even when there is a right of interlocutory appeal, a party can wait till the case is over and then appeal, bringing before us all nonmoot interlocutory rulings adverse to him."). Waiting to appeal from the final judgment would be of little help to Alliance here because it seeks to dismiss the suit on preemption grounds and avoid the costs of the litigation. *Cf. SEC v. Quinn*, 997 F.2d 287, 290 (7th Cir. 1993) (noting that although a party may appeal from the denial of qualified immunity either immediately or after entry of final judgment, only an immediate appeal can vindicate the right not to be tried at all). Moreover, SLUSA directs that the preemption "decision in securities litigation must be made by the federal rather than the state judiciary." *Kircher v. Putnam Funds Trust*, 373 F.3d 847, 850 (7th Cir. 2004) ("*Kircher I*"). Alliance therefore must appeal right away.

If a party elects to appeal an interlocutory order immediately, it must do so within the time limits prescribed by Federal Rule of Appellate Procedure 4. *Otis v. City of Chicago*, 29 F.3d 1159, 1167 (7th Cir. 1994) (en banc). Rule 4 demands, subject to exceptions not relevant here, that a party to a civil suit file a notice of appeal "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). "[A] timely notice of appeal is essential to appellate jurisdiction." *United States v. Hirsch*, 207 F.3d 928, 930 (7th Cir. 2000); *see also Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264 (1978). The time limit would be meaningless if, after the 30 days had elapsed, a party could file a new motion and appeal from the order denying the second motion. We therefore have held that a party seeking review of an interlocutory order cannot enlarge the time for

noticing an appeal by filing a successive motion and appealing the denial of the latter motion. *See B.H. ex rel. Pierce v. Murphy*, 984 F.2d 196, 199 (7th Cir. 1993); *Buckhanon v. Percy*, 708 F.2d 1209, 1212 (7th Cir. 1983); *United States v. City of Chicago*, 534 F.2d 708, 711 (7th Cir. 1976). Unless the circumstances have changed significantly since the entry of the original order, we will deem the notice an appeal from that order, even though it may designate a later order as the order being appealed. *See SEC v. Suter*, 832 F.2d 988, 990 (7th Cir. 1987). In such a case, the notice of appeal will be timely only if filed within 30 days of the entry of the original order. *See id.*; *Gill v. Monroe County Dep't of Soc. Servs.*, 873 F.2d 647, 648 (2d Cir. 1989). Alliance filed its notice of appeal more than 30 days after the entry of the district court's first remand order. Thus, the timeliness of Alliance's appeal turns on whether the circumstances have changed sufficiently since the entry of the first order.

Our caselaw does not define clearly how much or what type of change will restart the time for filing an interlocutory appeal. Common sense suggests that not any change in circumstance will suffice. *Cf. FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 213 (1952) (statutes limiting time for filing petition for writ of certiorari "are not to be applied so as to permit a tolling of their time limitations because some event occurred in the lower court after judgment was rendered which is of no import to the matters to be dealt with on review"). Rather, we conclude that the change must bear on the issues sought to be argued on appeal. *Cf. Suter*, 832 F.2d at 990; *City of Chicago*, 534 F.2d at 710-11.

In this case, Alliance challenges the district court's holding that SLUSA does not preempt plaintiffs' claim. Defendant therefore must point to changes occurring since the entry of the first remand order that bear on the preemption issue. SLUSA's preemption clause states:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

>> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

>> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p. Thus, SLUSA preempts a claim only if it: (i) is brought by a private party: (ii) is brought as a covered class action; (iii) is based on state law; (iv) alleges that the defendant misrepresented or omitted a material fact (or employed a manipulative device or contrivance); and (v) asserts that defendant did so in connection with the purchase or sale of a covered security. *See Disher v. Citigroup Global Mkts. Inc.*, ___ F.3d ___, ___, 2005 WL 1962942, *4 (7th Cir. Aug. 17, 2005).

Alliance contends that changes between the original and amended complaints give it new grounds to argue for SLUSA preemption, and therefore a new chance to seek appellate review. Before considering this contention, we note that aspects of plaintiffs' first and second pleadings clearly do not differ in any way relevant to preemption. Both complaints are brought by a private party or parties, state claims based on state law, seek to certify a "covered class action," and involve "covered securit[ies]" as those terms are defined by SLUSA. Neither complaint suggests that Alliance employed a "manipulative or deceptive device or contrivance." Thus, Alliance has new grounds to argue for preemption only if the amended complaint alleges, where the original did not, that defendant: (i) made an untrue statement or omission of material fact; or (ii) did so in connection with the purchase or sale of a security.

Alliance highlights two changes between the original and amended complaints that, it asserts, provide new grounds to argue for preemption. First, it submits that the original complaint alleged that it harmed investors only by *holding* non-1-rated stocks, while the amended complaint asserts that it *purchased* these lower rated securities. This change between the pleadings, Alliance contends, gives it a stronger argument that the claim is "in connection with the purchase or sale of" a covered security. 15 U.S.C. § 77p(b).

The pleadings do not reflect this change. The original complaint asserts that Alliance breached the alleged contract "by purchasing shares of stock that, at the time of purchase, were not" 1-rated. (Compl. ¶ 16.) Had Alliance appealed the original remand order, it could have made the same argument on appeal then that it seeks to make now. *See Gill*, 873 F.2d at 649 (finding appeal from denial of a successive motion untimely where, although the plaintiffs presented additional material with the latter motion, the "material was available to the plaintiffs when they made the two previous motions," and therefore "could not constitute changed facts or circumstances").

Second, Alliance points out that the original and amended complaints rely on different documents as the basis for the alleged contract. The original complaint asserted that the fund prospectus, subscription agreements, and confirmation agreements collectively established the terms of the contract, while the amended complaint relies on the prospectus, marketing materials, and advertising materials. Defendant asserts that because marketing and advertising materials rarely if ever give rise to a contract, the substance of plaintiffs' claim must be for misrepresentation or omission.

We do not find this change significant enough to enlarge the time for filing an appeal. While the amended complaint's redefinition of the contract may weaken plaintiffs'

breach of contract claim, it does not strengthen Alliance's preemption argument. The amendment does not make clear, in a way that was not apparent before, that plaintiffs have artfully pleaded a misrepresentation claim under the guise of breach of contract. We do not comment upon whether SLUSA preempts either complaint, but conclude only that the arguments Alliance presses now could have been made in an appeal from the original remand order. Since the changes embodied in the amended complaint do not give Alliance new grounds to argue for SLUSA preemption, they do not enlarge the time for noticing an appeal.

As a final matter, Alliance suggests that our opinion in *Kircher I*, decided after the district court's first remand order, worked a change in the law that entitles defendant to a second chance to appeal. *Kircher I* held that, where a case is removed to federal court under SLUSA, 28 U.S.C. § 1447(d) does not bar appellate jurisdiction over certain orders remanding to state court. 373 F.3d at 849-50. Alliance informs us that it "did not appeal the District Court's original remand order because, prior to this Court's decision in [*Kircher I*], it appeared that 28 U.S.C. § 1447(d) precluded such an appeal."

We assume without deciding that a change in the law might reopen the time for filing an interlocutory appeal. We also assume, solely for the purposes of argument, that a change in the law relating only to appealability, but not to the merits of the issues to be argued on appeal, could restart the clock.[1] Even on these assumptions, Alliance's argument fails because *Kircher I* did not change the law.

---

[1] *Kircher I* did not address preemption—the issue Alliance asks us to resolve on the merits. Our later opinion in *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005) ("*Kircher II*"), discusses preemption, but Alliance does not argue that *Kircher II* changed the law.

*See id.* at 851 ("[O]ur disposition reflects nothing more than application of settled circuit law to a different substantive statute.").

Because nothing of significance has changed since the entry of the district court's first remand order, we deem Alliance's notice of appeal a belated attempt to seek review of that order. Accordingly, we must dismiss the appeal for lack of jurisdiction. Our holding today does not, however, insulate plaintiffs from the possibility of future appellate review. Should plaintiffs amend their pleading yet again, and that amendment gives Alliance new grounds to argue for preemption, defendant could remove to federal court and appeal an unfavorable district court order. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (permitting multiple removal petitions if changed circumstances give rise to additional grounds for removal); *City of Chicago*, 534 F.3d at 710-11 (finding appeal from successive motion timely where changed circumstances justified revisiting issue decided by original order).

## III.  Conclusion

For the reasons stated herein, we DISMISS the appeal for want of appellate jurisdiction.

A true Copy:

　　　　Teste:

　　　　　　　　　　　　_____
　　　　　　　　　　　　*Clerk of the United States Court of Appeals for the Seventh Circuit*