In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2349

TELEDYNE TECHNOLOGIES
INCORPORATED, a Delaware
Corporation, doing business as
Teledyne Electronic Manufacturing
Services,

*Plaintiff-Appellee,*

*v.*

RAJ SHEKAR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 1392 — **Ronald A. Guzman**, *Judge.*

ARGUED MAY 23, 2016 — DECIDED AUGUST 5, 2016

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Teledyne Technologies, Inc. ("Tele-dyne") obtained a temporary restraining order and, later, a preliminary injunction against its former employee, Raj Shekar ("Shekar"). Both required Shekar to return Teledyne's equipment and electronic information, which he retained following

his termination. Since Shekar refused to comply with either order, Teledyne filed a motion for rule to show cause why Shekar should not be held in contempt. The district court granted the motion and scheduled an evidentiary hearing. Prior to the hearing, Shekar filed a motion to vacate the preliminary injunction.

Ultimately, the district court issued an order holding Shekar in contempt and denying his motion to vacate the preliminary injunction. Shekar appeals both rulings.

## I.  BACKGROUND

On February 3, 2015, Teledyne terminated Shekar's employment. On February 13, 2015, Teledyne filed a verified complaint for injunctive relief against Shekar in the United States District Court for the Northern District of Illinois.

According to the verified complaint, as a Teledyne employee, Shekar had access to Teledyne's servers, which contained the company's confidential information. After Teledyne fired Shekar, Shekar "accessed or attempted to access" Teledyne's servers. There was also "a large data transfer between Teledyne EMS's server 20 and Shekar's laptop computer" on the day he was terminated. Further, in the months prior to his termination, Shekar emailed Teledyne's confidential information to his personal email addresses and saved it on his computer's hard drive.

In addition, Teledyne's verified complaint states that Shekar had worked from home and used equipment provided by Teledyne. This included a "laptop computer, a VPN token,

a projector, and a printer/scanner." After his termination, Shekar refused to return any of the equipment.

Teledyne's verified complaint names several causes of action against Shekar, such as violations of the Computer Fraud and Abuse Act, the Illinois Trade Secrets Act, and the Illinois Uniform Deceptive Trade Practices Act.[1] Teledyne sought injunctive relief that would require Shekar to return all of Teledyne's electronic information and equipment, as well as produce his personal computers and electronic storage devices to be inspected for Teledyne's confidential information. Teledyne also sought damages and other relief.

On February 17, 2015, the district court issued a temporary restraining order requiring Shekar to return all of Teledyne's electronic information and equipment. It also ordered him to identify in verified interrogatory responses all devices he owned that were capable of storing electronic information. Further, Shekar had to submit a declaration certifying that he had returned all of Teledyne's property, and that he had retained all relevant devices and electronic information without any alterations.

On March 5, 2015, Teledyne filed an amended motion for a preliminary injunction. On March 10, 2015, the district court held a hearing on the motion, which Shekar did not attend (although the district court found that he had notice). The district court granted Teledyne's motion for the preliminary injunction, noting that Shekar had "failed to comply with any aspect of the [temporary restraining order]." Most of the

---

[1] The underlying case is still pending in the district court.

preliminary injunction's directives mirrored the earlier temporary restraining order. But the preliminary injunction also required Shekar to provide Teledyne with "unrestricted access" to all of his devices that were capable of storing electronic information.

On March 17, 2015, Teledyne filed a motion for rule to show cause why the court should not hold Shekar in contempt for violating the temporary restraining order and the preliminary injunction. Teledyne argued that Shekar had refused to comply with the preliminary injunction's provisions. The district court granted the motion and scheduled a hearing for April 30, 2015.

On April 27, 2015, Shekar filed a motion to vacate the preliminary injunction. He claimed that he did not receive notice of either the temporary restraining order or the preliminary injunction until after the orders were entered. Shekar also stated that his lawyer had turned over all of Teledyne's equipment that was in his possession and that he did not have any of Teledyne's electronic information.

Following two evidentiary hearings, on June 17, 2015, the district court entered a written order finding Shekar in contempt for violating the temporary restraining order and the preliminary injunction. The district court found that Shekar had violated both orders by not producing several of his devices that were capable of storing electronic information (i.e. his personal computer, at least three external hard drives, and his Teledyne iPhone accompanied with the correct password), by not turning over or accounting for all of Teledyne's electronic information that he possessed, by not providing complete and truthful answers to Teledyne's interrogatories, and

by not submitting a complete and truthful declaration of compliance. In addition, the district court denied Shekar's motion to vacate the preliminary injunction because it found that Shekar had actual notice of both the temporary restraining order and the preliminary injunction. On June 24, 2015, Shekar appealed the district court's rulings.

## II. DISCUSSION

Shekar argues that the district court abused its discretion in holding him in contempt and erred in denying his motion to vacate the preliminary injunction. Before we address the merits of Shekar's appeal, we must first determine whether we have jurisdiction.

In general, an order holding a party in civil contempt is not appealable while the litigation is pending. *E.g.*, *SEC v. McNamee*, 481 F.3d 451, 454 (7th Cir. 2007) (citations omitted). There is an exception, however, in which we may have jurisdiction if the order that the party in contempt violated is itself appealable. *Id.* (citations omitted); *see also In re Rimsat, Ltd.*, 98 F.3d 956, 963 (7th Cir. 1996) ("Whether a judgment of civil contempt is appealable at the time entered, rather than later … depends on the appealability of the underlying order, the order that the judgment of civil contempt is intended to coerce the contemnor to obey."). In this case, the district court held Shekar in contempt for violating the preliminary injunction. Further, the underlying litigation is still pending. As a result, Shekar can only appeal the district court's contempt order if he can also appeal the preliminary injunction.

Congress granted federal appellate courts jurisdiction over certain interlocutory appeals, as enumerated in 28 U.S.C.

§ 1292(a). The statutory list includes "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). But interlocutory appeals must still conform with Federal Rule of Appellate Procedure 4. *Erb v. All. Capital Mgmt., L.P.*, 423 F.3d 647, 650 (7th Cir. 2005) (citing *Otis v. City of Chicago*, 29 F.3d 1159, 1167 (7th Cir. 1994) (*en banc*)). This Rule requires litigants to file a notice of appeal "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also People of State of Ill. ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1339 (7th Cir. 1989) ("To obtain review of a district judge's decision to grant an injunction, the defendant must seek review through a direct appeal within [30] days of the district judge's decision or give extraordinary reasons for not having done so.").

Here, the district court issued the preliminary injunction on March 10, 2015. Shekar filed a notice of appeal of the district court's contempt order on June 24, 2015. By that time, more than 30 days had passed since the preliminary injunction was entered. As a result, Shekar's appeal is untimely.

Although Shekar cannot appeal the underlying preliminary injunction, he argues that he can still appeal the contempt order because he is also appealing the district court's denial of his motion to vacate the preliminary injunction. But it is well established that "a party seeking review of an interlocutory order cannot enlarge the time for noticing an appeal by filing a successive motion and appealing the denial of the latter motion." *Erb*, 423 F.3d at 650 (citations omitted).

Further, although 28 U.S.C. § 1292(a)(1) grants federal appellate jurisdiction over orders that refuse to "dissolve" an injunction, we noted in *Securities and Exchange Commission v. Suter* that there are limits to this jurisdiction. 832 F.2d 988 (7th Cir. 1987). In *Suter*, the district court entered a permanent injunction against the appellant on February 6, 1986. *Id.* at 990. Rather than timely appeal the injunction, the appellant filed three motions to vacate the injunction. *Id*. The last of these three motions was denied on November 7, 1986, which the appellant then appealed. *Id.* We stated:

> If … the only purpose of the motion [to vacate the injunction] was to take a belated appeal from the order entering the injunction, we penetrate through form to substance and treat the appeal from the denial of the motion to vacate as an untimely appeal from the injunction, and dismiss the appeal for lack of jurisdiction.

*Id*. (citations omitted). In *Suter*, we found that it was a belated appeal because the appellant had not argued that the facts or law had changed since the injunction was originally entered, but only that the injunction should not have been issued in the first place. *Id.*

In this case, Shekar argues that the district court erred in denying his motion to vacate the preliminary injunction because it did not apply the correct "criteria governing preliminary injunctive relief" and because "there is no basis in the evidentiary record for finding that preliminary injunctive relief was appropriate." Shekar's claim that the district court did not apply the correct criteria for issuing a preliminary

injunction is wrong; the district court *did* apply the correct criteria when it originally issued the preliminary injunction on March 10, 2015.[2] Furthermore, Shekar's latter argument is essentially that the preliminary injunction should not have been entered in the first place; which is analogous to the appellant's failed argument in *Suter*.

Therefore, we do not have jurisdiction over Shekar's appeal of his motion to vacate the preliminary injunction because it is merely a "belated appeal" of the initial preliminary injunction. *Suter*, 832 F.2d at 990; *see also Peters*, 871 F.2d at 1339 ("[i]n reviewing a denial of motions to dissolve an injunction … we are not called upon to examine the district judge's original decision to impose an injunction"). Since Shekar cannot appeal the preliminary injunction, he also cannot appeal the contempt order while the underlying litigation remains pending in the district court.[3]

---

[2] In the June 17, 2015, order, the district court did not revisit the criteria for issuing the preliminary injunction. It instead focused on Shekar's arguments raised in his motion to vacate the preliminary injunction.

[3] Shekar cites *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Lewis*, 745 F.3d 283 (7th Cir. 2014), to support his appellate brief's jurisdictional statement. Although procedurally similar, the court in *Lewis* did not address any issues involving Federal Rule of Appellate Procedure 4. Therefore, it is not binding in this case. *See R.R. Donnelley & Sons Co. v. FTC*, 931 F.2d 430, 433 (7th Cir. 1991) ("Issues, even jurisdictional issues, lurking in the record but not addressed do not bind the court in later cases.") (Citations omitted).

### III.  CONCLUSION

This appeal is DISMISSED.