# Illinois Official Reports

## Appellate Court

***Fryzel v. Miller*, 2014 IL App (1st) 120597**

| | |
|---|---|
| Appellate Court Caption | MICHAEL E. FRYZEL, Plaintiff-Appellee, v. SIDNEY R. MILLER, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-0597 |
| Filed | May 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a breach of contract action in which a trial was delayed for over five years by defendant's procedural tactics, including bankruptcy filings and attempts to remove the case to a federal court, the ultimate entry of a jury verdict for plaintiff was affirmed by the appellate court, since defendant did not comply with the mandatory appellate procedures, his actions seeking to move the case to a federal court did not divest the trial court of jurisdiction, no bankruptcy stay was in effect at the time of trial and plaintiff's counsel properly notified defendant of the trial, and the trial court properly proceeded with the trial in defendant's absence. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-L-05880; the Hon. Sidney A. Jones III, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Sidney R. Miller, of Chicago, appellant *pro se*.

Law Office of Robert C. Samko, of Chicago (Robert C. Samko, of counsel), for appellee.

Panel

JUSTICE LIU delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Pierce concurred in the judgment and opinion.

## OPINION

¶ 1    The plaintiff, Michael E. Fryzel, filed a breach of contract complaint against the defendant, Sidney R. Miller, in May 2005. Following multiple continuances of the trial date and stays of the proceedings pending defendant's removal actions and bankruptcy cases, the court set a trial date of July 25, 2011. Defendant failed to appear at the jury trial. The trial proceeded in defendant's absence. Following a jury verdict in favor of plaintiff, the circuit court entered judgment against defendant in the amount of $38,074.43. On August 24, defendant filed a motion to stay and vacate the judgment. On January 13, 2012, at the hearing of defendant's motion to stay and vacate the judgment, the circuit court rejected defendant's motion and oral objection to jurisdiction, and ordered the judgment to issue. Defendant filed a timely notice of appeal on February 10, 2012. Ill. S. Ct. R. 303(a)(1) (eff. June 4, 2008).

¶ 2    On appeal, defendant asserts that the judgment should be reversed because it is "void by absence of Circuit Court jurisdiction at the time of trial and afterward." Defendant contends that the July 25, 2011 and January 13, 2012 orders are void because: (a) the circuit court proceedings should have been stayed pending the appeals of the dismissed bankruptcy cases; (b) the circuit court lacked jurisdiction pending the appeals of the removal actions and the "August 26 removal of the Judgment"; (c) plaintiff's counsel failed to notify him of the date and time of the trial, which resulted in defendant's absence at trial; and (d) the breach of contract claim lacks merit.

¶ 3                                    BACKGROUND

¶ 4    Plaintiff filed a breach of contract lawsuit against defendant on May 27, 2005 to recover payment for legal services rendered to defendant in conjunction with several currency exchanges that defendant owned and operated. Defendant, *pro se*, filed his appearance and jury demand on September 30, 2005.

¶ 5    Beginning in March 2010, defendant filed several pleadings in the United States District Court of the Northern District of Illinois, the United States Bankruptcy Court of the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit.

¶ 6    On March 12, 2010, 10 days before the scheduled trial date in this matter, defendant filed his petition for removal pursuant to 28 U.S.C. § 1446.

¶ 7 On March 15, 2010, the federal district court remanded the case to the circuit court, stating, in pertinent part:

> "Sidney Miller has just filed a *pro se* 'Petition for Removal' seeking to bring this several-year old state law action from the Circuit Court of Cook County to this District Court. Because defendant obviously labors under a total misunderstanding of the concept of federal subject matter jurisdiction, this *sua sponte* order sends the case back to its place of origin." Fryzel v. Miller, No. 10 C 1622, 2010 WL 9524798 (N.D. Ill. Mar. 15, 2010).[1]

Defendant appealed the remand order.

¶ 8 On March 18, 2010, defendant filed his petition for chapter 13 bankruptcy (*Miller Bankruptcy I*). The next day, he filed a motion to stay the state court case and continue the March 22 trial date. On March 22, the circuit court entered an order staying all proceedings.

¶ 9 On May 11, 2010, *Miller Bankruptcy I* was dismissed. Defendant appealed the dismissal.

¶ 10 On June 3, 2010, while the appeal in *Miller Bankruptcy I* was pending, defendant filed his second chapter 13 bankruptcy petition (*Miller Bankruptcy II*).

¶ 11 On July 26, 2010, *Miller Bankruptcy II* was dismissed. Defendant appealed the dismissal.

¶ 12 On August 2, 2010, while the appeal in *Miller Bankruptcy II* was pending, defendant filed his third chapter 13 bankruptcy petition (*Miller Bankruptcy III*).

¶ 13 On December 9, 2010, the United States Court of Appeals for the Seventh Circuit dismissed defendant's appeal of the March 15, 2010 remand order, stating, in relevant part:

> "This court has consistently reminded litigants that an order remanding a case to state court based on a lack of subject matter jurisdiction or a defect in the removal procedure is *not* reviewable on appeal, whether or not the decision is correct. *See*, *e.g.*, *Rubel v. Pfizer, Inc.*, 361 F.3d 1016 (7th Cir. 2004); *Phoenix Container, L.P. v. Sokoloff*, 235 F. 3d 352, 354-55 (7th Cir. 2000); *In re Continental Casualty Co.*, 29 F.3d 292, 293 (7th Cir. 1994)." (Emphasis in original.)

¶ 14 On March 15, 2011, the federal district court affirmed the dismissal of *Miller Bankruptcy I*, stating there was no evidence that the bankruptcy court abused its discretion.

¶ 15 On April 8, 2011, defendant filed his second petition for removal to the federal district court.

¶ 16 On April 19, 2011, the district court remanded the case to the circuit court. Defendant appealed this second remand order. The Seventh Circuit again dismissed the appeal on the basis of nonreviewability and issued an order with language virtually identical to its previous one.

¶ 17 On May 24, 2011, the federal district court entered an order reversing the dismissal in *Miller Bankruptcy II* and remanding the case to the bankruptcy court for further proceedings.

¶ 18 On June 15, 2011, the circuit court scheduled the trial in this case for July 25, 2011 at 9 a.m. The order provided that "plaintiff shall mail a copy of this order to Defendant."

---

[1]Plaintiff has included in the appendix to his appellate brief certain orders from the United States District Court for the Northern District of Illinois and the United States Court of Appeals for the Seventh Circuit, of which we may take judicial notice. *NBD Highland Park Bank, N.A. v. Wien*, 251 Ill. App. 3d 512, 520 (1993).

¶ 19    On July 21, 2011, the circuit court rescheduled the time for commencement of the trial to 10 a.m. Plaintiff's counsel was ordered to send a copy of the July 21 order to defendant by mail. Plaintiff's counsel sent a copy of the order to defendant at Post Office Box 1965, Des Plaines, Illinois, 60017.

¶ 20    The jury trial proceeded on July 25, 2011. Defendant failed to appear at the trial. The jury returned a verdict in favor of plaintiff and against defendant in the amount of $38,074.43, and a judgment order was entered. Earlier that same day, at 9 a.m., defendant and plaintiff's counsel had also appeared in federal district court on a separate pending legal malpractice suit, Miller v. Fryzel, No. 11-CV-02395 (N.D. Ill.), that defendant, along with his currency exchange entities, had filed against plaintiff.

¶ 21    On August 24, 2011, defendant filed a motion to stay and vacate the judgment pursuant to sections 2-1301 and 2-1305 of the Code of Civil Procedure (735 ILCS 5/2-1301, 2-1305 (West 2010)), alleging that the judgment entered on July 25, 2011 should be vacated because (1) he was not notified of the trial date and time, (2) the case "was incontrovertibly within Bankruptcy jurisdiction," and (3) he had meritorious defenses pertaining to the lack of jurisdiction and stay of proceedings. Defendant also requested a "stay of further proceedings in this matter for probable cause pending review of pretrial circumstances."

¶ 22    On August 26, 2011, defendant filed a notice of removal, in his third attempt to remove the case to the federal district court. In doing so, defendant filed his pleading using the caption from the federal lawsuit, No. 11-CV-02395, *supra*, that he had initiated against Fryzel in May 2011.

¶ 23    On January 13, 2012, the court denied defendant's section 2-1301 motion to stay and vacate the judgment, and ordered execution on the judgment to issue.[2]

¶ 24                                    ANALYSIS

¶ 25    At the outset, we observe that defendant failed to comply with the mandatory procedures for the preparation of appellate briefs, in violation of Rule 341. Ill. S. Ct. R. 341 (eff. July 1, 2008). Defendant's appellate brief lacks specific parts required by Rule 341: a statement of facts, a concise statement of the applicable standards of review for each issue, and a statement of compliance. Ill. S. Ct. R. 341(h)(6), (h)(3), (c) (eff. July 1, 2008). Compliance with Rule 341 is mandatory, and this court has the discretion to strike an appellant's brief and dismiss an appeal for failure to comply with Rule 341. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. Additionally, defendant fails to provide either a transcript of the jury trial or a bystander's report. Ill. S. Ct. R. 323(a), (c) (eff. Dec. 13, 2005).

¶ 26    A party's status as a *pro se* litigant does not relieve him of his obligation to comply with the appellate practice rules. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 78. While we acknowledge defendant's *pro se* status, we cannot excuse his failure to comply with the rules governing appellate procedures. *Coleman v. Akpakpan*, 402 Ill. App. 3d 822, 825 (2010). Despite the

---

[2]Subsequently, it appears that defendant also filed a section 2-1401 motion to vacate the judgment (735 ILCS 5/2-1401 (West 2010)), on February 9, 2013, one day prior to filing his notice of appeal.

foregoing deficiencies, however, this court has jurisdiction to consider the merits of this appeal, and we elect to do so for the purpose of settling the issues of law raised by defendant.[3]

¶ 27        Whether the circuit court properly interpreted section 362(c) of the Bankruptcy Code (Code) (11 U.S.C. § 362(c) (2012)) and section 1446 of the federal removal statute (28 U.S.C. § 1446 (2012)) for purposes of maintaining jurisdiction is a question of law subject to *de novo* review. *Abruzzo v. City of Park Ridge*, 231 Ill. 2d 324, 332 (2008). We also consider the denial of defendant's section 2-1301 motion to vacate for an abuse of discretion. *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 26. Furthermore, we will find impropriety in the denial of a stay in the trial court proceedings only if the court abused its discretion. *CHB Uptown Properties, LLC v. Financial Place Apartments, LLC*, 378 Ill. App. 3d 105, 107 (2007).

¶ 28                          A. Defendant's Removal Actions Did Not Divest
                               the Circuit Court of Jurisdiction at Trial

¶ 29        Section 1446(a) of the federal removal statute provides in relevant part:

> "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (2012).

Once a notice of removal is filed in the federal district court, "the State court loses jurisdiction to proceed further [in the case unless and] until the case is remanded." *Eastern v. Canty*, 75 Ill. 2d 566, 571 (1979). See also *Illinois Licensed Beverage Ass'n v. Advanta Leasing Services*, 333 Ill. App. 3d 927, 932 (2002) ("Upon the filing of a sufficient removal petition, the state court's jurisdiction immediately and totally ceases and that of the federal court immediately attaches.").

¶ 30        Defendant contends that the circuit court lacked jurisdiction on July 25, 2011 and January 13, 2012 because the case was removed to the federal district court on April 27, 2011, May 6, 2011, and August 26, 2011. On two occasions prior to July 25, 2011, however, the case was dismissed for lack of jurisdiction and remanded to the circuit court. Furthermore, defendant's appeals of the remand orders were denied. See 28 U.S.C. § 1447(d) (2012) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

¶ 31        Additionally, defendant filed a notice of removal on August 26, 2011 under the caption of his pending federal suit against plaintiff in Miller v. Fryzel, No. 11-CV-02395 (N.D. Ill.), ostensibly seeking to assert supplemental jurisdiction. The notice was not filed until after the circuit court had already entered its judgment on July 25, 2011. The federal district court has

---

[3]The record indicates that defendant, who appeared *pro se* in the underlying case, participated actively in the pretrial proceedings until approximately a year and a half before the trial. Prior to filing the petitions for removal and bankruptcy petitions, he had filed multiple motions to dismiss, motions to disqualify counsel, motions for summary judgment, motions for reconsideration, motions to substitute judges, and motions to vacate orders in this case.

no jurisdiction to remove a case from state court "where the case has reached final judgment in the state court." *Philpott v. Resolution Trust Corp.*, 739 F. Supp. 380, 383 (N.D. Ill. 1990) (holding that there was no jurisdiction to remove a case from state court when the defendant's notice of removal was filed subsequent to the judgment and to the defendant's postjudgment motion).

¶ 32    Based on the foregoing, we conclude that the circuit court had jurisdiction on July 25, 2011 and January 13, 2012.

¶ 33                    B. No Bankruptcy Stay Was in Effect When the
                          Circuit Court Conducted the July 25 Trial

¶ 34    Defendant contends that, pursuant to section 362(c) of the Code (11 U.S.C. § 362(c) (2012)), an automatic stay was in effect and prevented the circuit court from entering judgment on July 25, 2011, and January 13, 2012. Pursuant to section 362(c)(2)(B) of the Code, the automatic stay continues in effect until a case is either dismissed, denied or discharged.

¶ 35    Section 362(c)(3) provides, however, in relevant part:

> "[I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under 707(b)–
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease *shall terminate with respect to the debtor on the 30th day after the filing of the later case*;
> >
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]" (Emphasis added.) 11 U.S.C. § 362(c)(3) (2012).

¶ 36    Defendant filed his petitions for bankruptcy on March 18, 2010, June 3, 2010, and August 2, 2010. The automatic stay in *Miller Bankruptcy I* was terminated on May 11, 2010, upon the bankruptcy court's dismissal of the case. The petitions in *Miller II* and *Miller III* were filed within a year of the May 11 dismissal. Therefore, pursuant to section 362(c)(3), the stay in *Miller Bankruptcy II* and *Miller Bankruptcy III* expired 30 days after defendants filed the petitions in those respective cases. See *In re Daniel*, 404 B.R. 318, 321 (Bankr. N.D. Ill. 2009) (recognizing that section 362(c)(3) applied to terminate the automatic stay of second bankruptcy case that was filed within a year of the first case's dismissal, absent a court order extending the stay). There is no evidence in the record that defendant made a motion for extension of the stay within 30 days of the filing of his second or third petition. Therefore, the stay in the circuit court proceedings had already been terminated well before the July 25, 2011 trial date.

¶ 37    In the "Statutes Involved" portion of his brief, defendant contends that the circuit court lacked jurisdiction during the trial because the federal district court's May 24, 2011 order, which reversed the dismissal of *Miller Bankruptcy II*, resulted in the reinstatement of that

bankruptcy case and the stay of proceedings. This proposition, however, is not mentioned anywhere in the argument section of his brief. Instead, he cites to *In re Davenport*, 268 B.R. 159 (Bankr. N.D. Ill. 2001), as support for his argument that the stay was in effect on the date of the trial.

¶ 38　　The facts in this case are distinguishable from those in *Davenport*. *Davenport* did not involve multiple bankruptcy petitions. Moreover, defendant misconstrues *Davenport* for his proposition that the stay cannot be terminated "until the property is no longer property of the estate." Defendant's reliance upon section 362(c)(1) is misguided. It ignores the fact that section 362(c) provides for a termination of the stay under other circumstances, as set forth in sub-paragraphs (c)(2), (c)(3) and (c)(4) of the section. 11 U.S.C. § 362(c)(1)-(4) (2012). We find that the stay terminated under section 362(c)(3)(A).

¶ 39　　Therefore, no automatic stay was in effect at the time of the July 25, 2011 jury trial, and we deny defendant's request to void the jury verdict and circuit court judgment.

¶ 40　　　　　C. Plaintiff's Counsel Did Not Violate Any Orders by Sending Notice to
　　　　　　　　Defendant at the Address Listed on Defendant's Appearance

¶ 41　　In his section 2-1301 motion, defendant argued that the July 25, 2011 judgment should be reversed because plaintiff's attorney did not provide him with proper notice of the trial date as the June 15, 2011 order required. He contends that counsel knew that he maintained post office box addresses in both Chicago and Des Plaines, yet sent the June 15 order to only the Des Plaines address.

¶ 42　　A litigant has an independent obligation to follow the progress of a case he is involved in and failure to do so is not grounds for relief. *Stallworth v. Thomas*, 83 Ill. App. 3d 747, 751 (1980). In *Stallworth*, the defendant sought to vacate the *ex parte* judgment against him by asserting that the plaintiff deliberately failed to notify him of court dates and that he believed the dismissal of a prior lawsuit had terminated the entire dispute between the parties. *Id*. The court rejected the defendant's argument, stating that it "is well established that a litigant has to follow the progress of his case [citation], and inadvertent failure to do so is not a ground for relief [citation]." *Id*. The court held that defendant was not entitled to relief because there was no evidence of "fraud or unconscionable behavior on the part of the court or the litigants, nor any indications that plaintiff was deceptive in obtaining the judgment." *Id*. at 752.

¶ 43　　In this case, the record indicates that defendant failed to appear for any hearings in this case from June 11, 2010 until September 7, 2011, a period of almost 15 months. We do not believe defendant's absence at the trial, given his lack of participation in the state court proceedings for almost 15 months, can properly be attributed to any fraudulent or unconscionable misconduct by plaintiff's counsel or the circuit court. Defendant does not provide any evidence which would demonstrate any fraud or unconscionable action by plaintiff's attorney, nor does he point to circumstances to demonstrate that plaintiff's attorney was trying to be deceptive when he sent the June 15 order informing defendant of the trial date. Given the fact that the Des Plaines address was provided by defendant himself on his appearance and various pleadings, we find there is no basis for concluding that defendant's absence at trial resulted from a lack of notice or any misconduct by plaintiff's attorney. We find the circuit court did not abuse its discretion in proceeding to trial on July 25, 2011 in defendant's absence.

## D. Defendant Presents No Facts to Argue the Merits of the Contract Claim

Defendant also purports to raise the question of whether the merits of the claim were "sufficient to sustain the action for trial." Despite raising the matter in the "Issues Presented for Review" section of his brief, defendant fails to assert any substantive argument as to the merits of the breach of contract claim in his appellate brief. As such, we will not consider the issue.

## CONCLUSION

For all the foregoing reasons, the circuit court judgment is affirmed.

Affirmed.