2025 IL App (1st) 241027-U

No. 1-24-1027

Order filed September 29, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JUHANA V. STEEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2021 M1 013834 |
| | ) | |
| DIRECT AUTO INSURANCE and SAHLE | ) | |
| ANTHENEH, | ) | Honorable |
| | ) | Gerardo Tristan Jr. |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where plaintiff has not presented a sufficiently complete record on appeal for our review, we affirm the trial court's judgment in favor of defendant.

¶ 2    Plaintiff Juhana V. Steen appeals *pro se* from a trial court order entering judgment in favor of defendant Sahle Antheneh. On appeal, Steen argues that the court erred where it did not allow "an informal hearing," and where Antheneh's counsel, but not Antheneh, was present for trial. Because Steen has not provided a sufficiently complete record for our review on appeal, we affirm.

¶ 3    We derive the following background from the limited record on appeal, which consists solely of the common law record.

¶ 4    On August 18, 2021, Steen filed a *pro se* complaint against defendants Antheneh and Direct Auto Insurance. The complaint alleged that on May 14, 2017, Antheneh, who was insured by Direct Auto Insurance, damaged Steen's parked vehicle. Steen claimed that Direct Auto Insurance delayed resolving the claim for over four months, and that Steen incurred additional costs as a result. Steen sought $9289.68 in damages.

¶ 5    The case was set for arbitration on November 28, 2022. On that date, the arbitrators entered an order indicating that all parties attended the hearing and finding in favor of Steen, and against Antheneh and Direct Auto Insurance, for $1468.57.

¶ 6    On December 1, 2022, Direct Auto Insurance filed a notice rejecting the award and requested a trial. On December 30, 2022, Steen likewise filed a notice rejecting the award and requested a trial.

¶ 7    The circuit court set the matter for trial on September 26, 2023. On September 25, 2023, Steen moved to continue the trial as Direct Auto Insurance had yet to respond to her interrogatories in discovery. The court then set a new trial date for April 10, 2024.

¶ 8    On November 7, 2023, Direct Auto Insurance moved to strike and dismiss Steen's complaint, as her allegations were "based solely" upon Antheneh's alleged negligence. Steen failed to appear at a motion hearing on January 11, 2024, and the circuit court granted Direct Auto Insurance's motion that same day, dismissing Direct Auto Insurance as a named defendant.

¶ 9    On February 9, 2024, Steen filed a motion requesting that the court reinstate Direct Auto Insurance as a defendant. Steen asserted that Direct Auto Insurance insured Antheneh, and that

because Antheneh had failed to appear in court and at arbitration, the insurer should be liable for the damage. The trial court denied Steen's motion on April 8, 2024.

¶ 10     Following a bench trial on April 10, 2024, the circuit court entered judgment in favor of Antheneh after his counsel moved for a directed verdict. The court's written order states that "*pro se* plaintiff" and "defense counsel" appeared at trial. The record does not indicate whether Antheneh attended the proceedings, nor does the record contain any post-trial motions.

¶ 11     Steen timely appealed.

¶ 12     On June 4, 2025, this court entered an order taking the case on the record and on Steen's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13     On appeal, Steen asserts that the trial court erred by "not allowing an informal hearing, with minimal small claims cases under $10,000," and by "[a]llowing the hearing to continue without the defendant [Antheneh] present in court." Steen also contends that she could not present her evidence to prove her case.

¶ 14     As an initial matter, Steen's brief fails to comply with many of the supreme court rules governing appellate briefs. Although her brief contains a short statement of facts, it is argumentative and lacks reference to the record. See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (statement of facts to be stated "accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal"). Steen's brief also lacks an argument section containing citations to the record on appeal, or to the relevant legal authority to support her claims. Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020).

¶ 15    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Steen's *pro se* status does not absolve her obligation to comply with the rules of appellate practice. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. We may strike a brief or dismiss an appeal for failure to comply with the supreme court rules. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. However, a reviewing court may review the merits of the appeal despite Rule 341 deficiencies "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief." *Talandis*, 63 Ill. 2d at 133.

¶ 16    That said, meaningful review of the merits of the present appeal is hindered by the absence of a report of proceedings. Given the deficient record, we cannot address any of Steen's claims.

¶ 17    As the appellant, Steen bears the burden to provide a sufficiently complete record to support a claim of error. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323 (eff. July 1, 2017); *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39. Absent such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts stemming from the incompleteness of the record will, therefore, be resolved against the appellant. *Id.* at 392. Where the record on appeal is inadequate to support a claim of error, this court may dismiss an appeal or summarily affirm the circuit court's judgment. *Graves*, 2020 IL App (1st) 181516, ¶ 39.

¶ 18    Here, the court entered a directed verdict for Antheneh after Steen presented her case-in-chief. The record on appeal does not contain a report of proceedings, nor has Steen provided an acceptable substitute such as a bystander's report or an agreed statement of facts. See Ill. S. Ct. R.

323(a), (c), (d) (eff. July 1, 2017). Without a report of proceedings or an acceptable substitute, we lack any knowledge of the evidence, arguments, evidentiary rulings, and objections presented at trial. Thus, the record is insufficient for our review of the merits of Steen's appeal.

¶ 19    In short, Steen failed to provide this court with a record sufficient to review the trial court's judgment. The inadequate record precludes any opportunity for meaningful review of Steen's arguments and requires that we affirm the court's judgment in favor of Antheneh.

¶ 20    For the forgoing reasons, we affirm the judgment of the trial court.

¶ 21    Affirmed.