2025 IL App (1st) 242543-U

No. 1-24-2543

Order filed October 23, 2025

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| EARTHA C. ABERCROMBIE, | ) | Petition for Review of an Order |
| | ) | of the Illinois Human Rights |
| Petitioner-Appellant, | ) | Commission. |
| | ) | |
| v. | ) | Charge No. 2023 CR 2214 |
| | ) | ALS # 24-0097 |
| ILLINOIS HUMAN RIGHTS COMMISSION, ILLINOIS | ) | |
| DEPARTMENT OF HUMAN RIGHTS, and LOYOLA | ) | |
| UNIVERSITY MEDICAL CENTER | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the decision of the Illinois Human Rights Commission sustaining the Illinois Department of Human Rights' dismissal of petitioner's charge of discrimination for lack of jurisdiction.

¶ 2   Petitioner Eartha Abercrombie appeals *pro se* from the decision of the Illinois Human Rights Commission (Commission) sustaining the Illinois Department of Human Rights' (Department) dismissal, for lack of jurisdiction, of her charge of discrimination against her former

employer, Loyola University Medical Center (Loyola). On appeal, Abercrombie contends that she suffered ongoing workplace harassment, and requests that this court order the Department to investigate her claims. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In November 2022, Abercrombie filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), which was instantly cross-filed with the Illinois Department of Human Rights (Department). The Department's records reflect that Abercrombie signed her charge on November 26, 2022, and that the EEOC stamped the charge as received on November 28, 2022. The records the Department obtained from the EEOC did not contain an envelope to reflect if, or when, Abercrombie might have mailed her charge to the EEOC.

¶ 5      In her charge, Abercrombie alleged that her former supervisor, Loyola University Medical Center surgical reprocessing manager Sergio Garcia, harassed her daily while she worked under his supervision, and issued her written warnings in December 2021, due to her age and her national origin, in violation of the Illinois Human Rights Act (the Act) (775 ILCS 5/1-101 *et. seq.* (West 2022)) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et. seq.*) (2012). Although Abercrombie checked the box for "national origin" on her charge, the matter proceeded on the bases of age and sex rather than age and national origin. Abercrombie's charge lacked any specific dates for any of the allegations.

¶ 6      On August 28, 2023, the EEOC issued a dismissal and notice of rights, stating that the EEOC was unable to conclude that the investigation yielded information to support a statutory violation. The EEOC's dismissal letter also stated that no finding was made for any of the issues

presented in Abercrombie's charge. On September 2, 2023, Abercrombie submitted the EEOC's findings to the Department and requested that the Department investigate the charge.

¶ 7    A Department investigator conducted an inquiry and later issued an investigation report on February 29, 2024. The report stated that Abercrombie filed her charge on November 28, 2021. This was later determined to be a typographical error as the EEOC charge was signed November 26, 2022, and stamped by the EEOC as received on November 28, 2022. The report identified four alleged violations. Counts A and B alleged Garcia harassed Abercrombie daily on the basis of age and sex from January 2020, through January 28, 2022. Counts C and D alleged that Garcia issued written warnings to Abercrombie on the basis of age and sex on December 9, 2021, and that Garcia also allegedly falsified documents in the written warnings.

¶ 8    The Department's investigation report further stated that Abercrombie applied to transfer from Loyola to Gottleib Memorial Hospital in November 2021. After she submitted her transfer application, Garcia issued her a written warning on December 9, 2021. On December 21, 2021, Loyola's department of human resources corrected the written warning, downgrading the disciplinary action to a step 1 counseling. Gottleib then offered Abercrombie the transfer position on January 21, 2022. Per the investigation, Abercrombie's last day of work at the Loyola location was Friday, January 28, 2022, with an effective date of transfer on January 30, 2022. During the investigation, Abercrombie stated that there were no additional incidents of harassment after her transfer.

¶ 9    The Department's investigation report concluded that because Abercrombie's last day of work at the Loyola location was January 28, 2022, and her charge was marked as filed on November 28, 2022, she filed her charge 304 days after the last day of alleged harm for counts A

and B, and 354 days after the date of harm for counts C and D. The Department concluded that all allegations occurred outside of the 300-day statutory filing period, noting that, under section 7A-102(A)(1) of the Act (775 ILCS 5/7A-102(A)(1) (West 2022)), a charge must be filed within 300 days of the occurrence of an alleged violation. Accordingly, the Department investigator recommended a finding of lack of jurisdiction due to the untimeliness of Abercrombie's charge. The Department dismissed Abercrombie's charge on March 5, 2024, for lack of jurisdiction.

¶ 10     On March 19, 2024, Abercrombie filed a *pro se* request for review by the Commission. In her request, Abercrombie stated that the EEOC and the Department told her that she did not need a lawyer and no additional information was needed from her. In her request for review, Abercrombie did not dispute the determination of untimeliness.

¶ 11     The Department submitted a response acknowledging ambiguity in the date of filing of Abercrombie's charge. In its response, the Department stated that the records did not contain a copy of an envelope to show whether the charge might have been submitted to the EEOC by mail. Per the department, a post-stamp date would otherwise serve as the date the charge was filed. Regardless, the Department calculated that even if Abercrombie had filed her charge on November 26, 2022—the date of her signature—rather than November 28, 2022—the date of the EEOC's stamp noting receipt—her charge would remain untimely. For counts A and B, the charge would have been either 304 or 302 days after her last day of work on January 28, 2022, the last day she would have suffered any unlawful harassment by Garcia, her supervisor. For counts C and D, the charge would have been filed either 352 or 354 days after Abercrombie received the December 9, 2021, written warning.

¶ 12    On December 10, 2024, the Commission issued a final order sustaining the Department's dismissal due to a lack of jurisdiction. The Commission concluded that Abercrombie alleged that she was subjected to unlawful harassment "until her final day at Loyola on January 28, 2022." The Commission stated that Abercrombie filed her charge on November 26, 2022, and that her charge was untimely filed 302 days after the date of any alleged harassment on the basis of her sex and age (counts A and B), and 354 days after the December 9, 2021, incident (counts C and D).

¶ 13    Abercrombie timely sought this Court's review on December 20, 2024.

¶ 14                                   II. ANALYSIS

¶ 15    On appeal, Abercrombie requests that we order the Department to review and investigate her claims where Garcia subjected her to harassment and discrimination. Regarding the jurisdictional question presented before this Court, Abercrombie claims in her appeal that Garcia was her manager from 2016 through January 31, 2022, and harassed her daily.

¶ 16    Respondents, the State and Loyola, both submitted briefs claiming that the Commission lacked jurisdiction due to the untimeliness of Abercrombie's charge. The State respondents further assert that Abercrombie's arguments raised in her brief are forfeited under Illinois Supreme Court Rule 341. We first address the issue of forfeiture.

¶ 17                    A. Failure to Comply with Supreme Court Rule 341

¶ 18    Abercrombie's brief, *inter alia*, fails to comply with many of the supreme court rules governing appellate briefs. See Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Even though Abercrombie used a form approved by the Illinois Supreme Court when filing her brief, she must still articulate a legal argument which allows a meaningful review of her claims. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Instead, Abercrombie's brief fails to reference the facts of the case

without argument or comment, include specific pages to the record on appeal, provide any citation to legal authorities, or set forth a clear legal argument supported by citation to such legal authorities. See Ill. Sup. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020).

¶ 19 A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Plaintiff's *pro se* status does not lessen her burden to comply with rules of appellate practice. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. "[P]arties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 20 We may strike a brief or dismiss an appeal for failure to comply with the supreme court rules. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. But we decline to do so here, as the issue is simple, Abercrombie tried presenting her appeal by use of the approved form brief, and we have the benefit of two cogent respondent-appellee briefs. See *Twardowski*, 321 Ill. App. 3d at 511. Instead, we address whether the Commission erred in finding that it lacked jurisdiction due to the untimeliness of the charge.

¶ 21                                    B. Timeliness

¶ 22 As a preliminary matter, we recognize that the Act was recently amended to allow petitioners up to two years to file a charge of discrimination. See 775 ILCS 5/7A-102(A) (eff. January 1, 2025). We look to the version of the Act in effect at the time of Abercrombie's 2022 filing.

¶ 23    Section 7A-102 of the Act sets forth the procedures for filing a charge of discrimination. 775 ILCS 5/7A-102 (West 2022). Under the version of the Act in effect in 2022, an aggrieved party must file a charge of discrimination under oath or affirmation within 300 calendar days after the date that a civil rights violation has allegedly occurred. 775 ILCS 5/7A-102(A)(1) (West 2022). When a charge is filed with the EEOC, as was done here, the charge is deemed filed with the Department on the same day. 775 ILCS 5/7A-102(A-1)(1) (West 2022). Compliance with the 300-day filing requirement under section 7A-102(A)(1) is a condition precedent to the right to seek a remedy, and "is a prerequisite to the Commission's acquisition of subject matter jurisdiction." *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill. App. 3d 433, 437 (2003). If a charge of discrimination is untimely, the Department lacks jurisdiction to consider it. *Pence v. Illinois Human Rights Comm'n*, 2020 IL App (3d) 190384, ¶ 40*; Sangamon County Sheriff's Dep't. v. Illinois Human Rights Comm'n*, 233 Ill. 2d 125, 140 (2009).

¶ 24    In reviewing an administrative agency's decision, the applicable standard of review depends upon the type of question raised on appeal. *Prospect Heights Fire Protection Dist. v. Department of Employment Security*, 2021 IL App (1st) 182525, ¶ 29. An agency's conclusions of law are subject to a *de novo* standard. *Id.* An agency's factual determinations are reviewed under the manifest weight of the evidence standard, and an agency's conclusions with respect to mixed questions of fact and law are subject to a review for clear error. *Id.*

¶ 25    Generally, a Commission decision that it lacks jurisdiction on grounds of untimeliness is subject to *de novo* review. See, e.g., *Board of Education of the City of Chicago v. Cady*, 369 Ill. App. 3d 486, 493 (2006) (applying *de novo* review to timeliness issue where no question of fact existed). However, in *Jones v. Lockard*, 2011 IL App (3d) 100535, ¶¶ 16-17, and its progeny, this

court applied the clearly erroneous standard because the timeliness of the filing of a charge presented a mixed question of fact and law. See also *Prospect Heights*, 2021 IL App (1st) 082525, ¶ 30 (applying clearly erroneous standard to mixed question of law and fact).

¶ 26    The present matter contains both factual determinations and a mixed question of fact and law. The Commission was required to make factual findings—namely, regarding the submission date of Abercrombie's charge, and, regarding counts A and B, the date of the final occurrence of Garcia's alleged discriminatory act. The Commission then analyzed those dates in relation to the statutory filing requirement to find jurisdiction lacking for all four counts of Abercrombie's charge. See *Prospect Heights*, 2021 IL App (1st) 182525, ¶ 29 ("A question of mixed fact and law is one in which the agency conducts an examination of the legal effect of a given set of facts."). Accordingly, we review the Commission's jurisdictional determination for clear error because it addresses a mixed question of law and fact. *See id.* However, we review the Commission's factual findings under the manifest weight of the evidence standard. *Id.* We first address the Commission's factual findings before we review the application of those findings to the Act.

¶ 27                          1. The Commission's Factual Findings

¶ 28    An agency's finding of fact is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding is "unreasonable, arbitrary, and not based upon any of the evidence." *Prospect Heights*, 2021 IL App (1st) 182525, ¶ 29. The mere fact that the agency could have ruled differently is no reason to reverse the administrative agency's factual findings. *Id.* Rather, so long as there is evidence in the record that supports the agency's decision, it should be upheld on appeal. *Id.*

¶ 29    Determining the date of alleged harm is critical in any civil rights claim because it triggers the start of the statutory filing period. See 775 ILCS 5/7A-102(A)(1) (West 2022) (charge must be filed within 300 days of civil rights violation). In her appellate brief, Abercrombie claims for the first time that Garcia was her manager through January 31, 2022. This claim was not presented to the Commission and is contrary to the Department's investigation record, which shows that Abercrombie had transferred to Gottleib effective on January 30, 2022. "Issues not raised by the parties before an administrative agency cannot be considered for the first time on administrative review." *Spencer v. Illinois Human Rights Comm'n*, 2021 IL App (1st) 170026, ¶ 42. Because our review is limited to considering the record that was before the administrative agency, we cannot consider Abercrombie's new allegation. *Id.*

¶ 30    The record shows that, with respect to counts A and B, the Commission determined that January 28, 2022, constituted the last date of harm. According to the record, the investigation revealed that Abercrombie accepted a transfer to the Gottleib location, effective January 30, 2022, and that her last day of work at Loyola was Friday, January 28, 2022. Abercrombie further stated to the Department's investigator that she suffered no additional incidents of harassment after her transfer. The evidence in the record supports the Commission's decision that Abercrombie's last day of alleged harm would coincide with her last day of work under Garcia, her supervisor and alleged harasser. Accordingly, we find the Commission's factual determination that January 28, 2022, was the last date of harm for counts A and B is not contrary to the manifest weight of the evidence. See *Prospect Heights*, 2021 IL App (1st) 182525, ¶ 29 (agency's decision must be upheld as long as there is evidence in the record to support the decision).

¶ 31 As to counts C and D, Abercrombie specifically alleged that the harm occurred on December 9, 2021, when Garcia issued her a written warning. Thus, the Commission did not make a factual determination regarding the date of harm for counts C and D.

¶ 32 The record is less precise regarding the date of submission of Abercrombie's charge. Abercrombie signed her charge on November 26, 2022. The EEOC marked the charge as received on November 28, 2022. The Department relied upon the November 28, 2022, date of receipt as the filing date in its response to Abercrombie's request for review, while the Commission relied upon the November 26, 2022, date of signature as the filing date in its analysis. Because, as we discuss below, either possible date of filing proves untimely for all four counts, we find no need to review the Commission's decision to rely upon the date of signature as the filing date.

¶ 33                                    2. Jurisdiction

¶ 34 As we stated *supra*, pursuant to the version of the Act in effect in 2022, an aggrieved party must file a charge of discrimination within 300 days of the date that they allegedly suffered a civil rights violation. 775 ILCS 5/7A-102(A)(1) (West 2022). Absent compliance with the 300-day filing requirement, the Department lacks jurisdiction to consider the charge. *Pence*, 2020 IL App (3d) 190384, ¶ 40.

¶ 35 As to counts A and B, the Commission determined that January 28, 2022, was Abercrombie's last day of alleged harm because it was her last day of work under Garcia's supervision. Abercrombie's allegations in counts A and B are untimely regardless of whether she filed her charge on November 26, 2022, or November 28, 2022, because both dates fall more than 300 calendar days after her alleged date of harm. See 775 ILCS 5/7A-102(A)(1) (West 2022).

¶ 36    It follows then that counts C and D, in which Abercrombie alleges that Garcia issued her a discriminatory written warning on December 9, 2021, are likewise untimely because (1) the allegations predate counts A and B and (2) December 9, 2021, is over 350 calendar days before either filing date. Under the 300-day statutory filing requirement, Abercrombie must have submitted her charge by October 5, 2022, for counts C and D to remain timely under the Act. See *id.*

¶ 37    The Department lacks jurisdiction to consider untimely charges. *Pence*, 2020 IL App (3d) 190384, ¶ 40. Accordingly, we find no clear error where the Commission sustained the Department's dismissal of Abercrombie's charge for lack of jurisdiction.

¶ 38                                     III. CONCLUSION

¶ 39    For the forgoing reasons, we affirm the decision of the Commission sustaining the Department's dismissal of petitioner's charge for lack of jurisdiction.

¶ 40    Affirmed.