2026 IL App (1st) 250566-U

No. 1-25-0566

Order filed May 21, 2026

FOURTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| *In re* Estate of Steele | ) | Appeal from the |
| | ) | Circuit Court of |
| (Gwendolyn Steele, | ) | Cook County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24 P 4193 |
| | ) | |
| Hayes Steele, | ) | Honorable |
| | ) | Susan Kennedy-Sullivan, |
| Respondent-Appellee). | ) | Judge presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the judgment of the trial court as petitioner has failed to provide a sufficient record on appeal for this court's review of the issues presented.

¶ 2     Petitioner-appellant, Gwendolyn Steele, appeals from an order of the trial court revoking her power of attorney for respondent-appellee, Hayes Steele, denying her petition for guardianship

of Mr. Steele, and naming the Office of the State Guardian as plenary guardian of him. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4     The record on appeal includes one volume of the common law record and lacks a report of proceedings.

¶ 5     On June 13, 2024, Ms. Steele filed a petition, pursuant to section 11a-8 of the Probate Act of 1975 (755 ILCS 5/11a-8 (West 2024)), for her appointment as guardian of the person of Mr. Steele, her brother, whom she alleged had a disability. Ms. Steele alleged that Mr. Steele, age 70, suffered from dementia, lacked the capacity to communicate responsible decisions concerning his care, and was unable to manage his estate.

¶ 6     On July 15, 2024, the trial court entered an order appointing Chicago Volunteer Legal Services as guardian *ad litem* (GAL) for Mr. Steele.

¶ 7     On September 26, 2024, the trial court entered an order granting Mr. Steele's three adult children leave to file "cross-petitions." The order also lifted visitation restrictions that Ms. Steele had placed on Mr. Steele's children and granted them visits with him.

¶ 8     On September 27, 2024, a physician issued a report stating that Mr. Steele suffered from a "cerebral infarction due to embolism of unspecified artery, dysphagia, dysarthria and anarthria." Mr. Steele was unable to communicate and utilized a wheelchair. According to the report, Mr. Steele needed "total guardianship" over his person and finances and would benefit from a long-term care facility or live-in caregiver to provide 24-hour assistance.

¶ 9     On October 23, 2024, the GAL filed a report detailing interviews with Ms. Steele and Mr. Steele. According to the GAL, Ms. Steele stated that Mr. Steele suffered a stroke in 2019, and on

September 9, 2022, he executed a power of attorney for healthcare naming Ms. Steele as his agent. Ms. Steele filed the petition for guardianship because Mr. Steele's prior supportive living facility allegedly applied for Social Security benefits for Mr. Steele without Ms. Steele's knowledge. Ms. Steele reported "familial discord" between her and Mr. Steele's children.

¶ 10    The GAL interviewed Mr. Steele at the Grove Rehabilitation Center. Mr. Steele was unable to effectively communicate. When asked if he disagreed with his diagnosis, he shook his head "no." Mr. Steele reported "no preference" for a guardian but stated that Ms. Steele "argues with him and his children are good." He was "teary-eyed" mentioning that Ms. Steele restricted his children's ability to visit him. The GAL concluded that Mr. Steele was disabled and should be appointed a plenary guardian over his person and estate.

¶ 11    Based on the interviews, the GAL filed a petition to invalidate, suspend, or revoke the power of attorney held by Ms. Steele. The GAL believed that Mr. Steele lacked capacity to execute the power of attorney and that it was invalid. In the alternative, the GAL posited that the power of attorney should be suspended or revoked because Ms. Steele failed to act in Mr. Steele's best interest and her actions or inactions caused and threatened substantial harm to Mr. Steele. The GAL noted that a September 25, 2024, Adult Protective Services investigation substantiated allegations of abuse by Ms. Steele against Mr. Steele. The Adult Protective Services caseworker noted that Mr. Steele was more agitated around Ms. Steele, Ms. Steele failed to listen to recommendations on proper care for Mr. Steele, and there were concerns over Ms. Steele's capacity to tend to Mr. Steele's medical needs.

¶ 12    On October 24, 2024, the trial court entered an order finding that Mr. Steele had a disability, lacked the capacity to communicate responsible decisions concerning his care, and was unable to

manage his estate. The court suspended all powers of attorney executed by Mr. Steele, including the September 9, 2022, power of attorney for healthcare. The court appointed the Office of the State Guardian as temporary guardian of Mr. Steele.

¶ 13    On November 15, 2024, the GAL filed a cross-petition for appointment of the Office of the State Guardian as the guardian of Mr. Steele's person and estate.

¶ 14    On December 4, 2024, the GAL filed a supplemental report detailing that the Adult Protective Services investigation substantiated allegations of emotional abuse and passive neglect by Ms. Steele against Mr. Steele. The investigation also found "some indication" of financial exploitation.

¶ 15    On December 10, 2024, the trial court entered an order continuing the petition to invalidate, suspend, or revoke the power of attorney and appointing the Office of the State Guardian as temporary guardian of Mr. Steele and his estate. On December 16, 2024, Ms. Steele filed a motion requesting that the trial court "reject the temporary appointment of guardianship" and restore the power of attorney. On January 7, 2025, the court denied Ms. Steele's motion and set the matter for trial on February 24, 2025.

¶ 16    On February 24, 2025, the trial court entered an order stating that a trial occurred, Ms. Steele and the GAL appeared, and evidence and testimony was presented. The court held that the Adult Protective Services investigation substantiated findings of emotional abuse, passive neglect, and financial exploitation by Ms. Steele against Mr. Steele and therefore, did not support Ms. Steele making decisions on Mr. Steele's behalf. The court revoked Ms. Steele's power of attorney for healthcare "for reasons stated on the record," denied Ms. Steele's petition for guardianship, granted the GAL's cross-petition for guardianship, and appointed the Office of the State Guardian

as plenary guardian of Mr. Steele and his estate. The court also ordered the Office of the State Guardian to inquire into an alternative long-term facility for Mr. Steele at Ms. Steele's request.

¶ 17    On March 24, 2025, Ms. Steele filed a motion to reconsider the revocation of the power of attorney for healthcare and the denial of the petition for guardianship. On March 26, 2025, following another hearing at which Ms. Steele, the GAL, and an attorney for the Office of the State Guardian appeared, the trial court denied the motion "for reasons stated on the record."

¶ 18    On March 27, 2025, Ms. Steele filed a notice of appeal from (1) the September 26, 2024, order granting Mr. Steele's children leave to file cross-petitions, lifting visiting restrictions, and granting Mr. Steele's children visitation with him; (2) the October 24, 2024, order suspending the power of attorney for healthcare naming Ms. Steele as agent and appointing the Office of the State Guardian as temporary guardian; (3) the December 10, 2024, order again appointing the Office of the State Guardian as temporary guardian; (4) the January 7, 2025, order denying Ms. Steele's motion to "reject the temporary appointment of guardianship" and restore the power of attorney; (5) the February 24, 2025, order revoking the power of attorney, denying Ms. Steele's petition for guardianship, and appointing the Office of the State Guardian as plenary guardian; and (6) the March 26, 2025, order denying the motion to reconsider.[1]

¶ 19                                    ANALYSIS

¶ 20    We note that we have jurisdiction to consider these matters, as Ms. Steele filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

---

[1] The notice of appeal misstated the dates of the September 26, 2024, and October 24, 2024, orders as September 27, 2024, and October 23, 2024, respectively.

¶ 21 Mr. Steele did not file a response brief. On September 5, 2025, we entered an order taking this case on Ms. Steele's *pro se* brief only. See *First Capital Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) ("if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 22 While Ms. Steele's notice of appeal stated that she appealed from multiple orders, her brief on appeal only references the February 24, 2025, order revoking the power of attorney, denying her petition for guardianship, and appointing the Office of the State Guardian as plenary guardian. Therefore, we address her contentions as to that order only, and any arguments pertaining to the other orders are waived. See *Multiut Corp. v. Draiman*, 359 Ill. App. 3d 527, 539 (2005) ("[i]ssues raised in the notice of appeal but not raised or argued to this court are generally deemed waived").

¶ 23 That said, our review of Ms. Steele's appeal is hindered by deficiencies in her brief. Ms. Steele's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which governs the content of appellate briefs. Ms. Steele's brief consists of an incoherent narrative and lacks a table of contents, summary statement, or a section with points and authorities. See Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). The brief also lacks an adequate introductory paragraph including "the nature of the action and of the judgment appealed from and *** whether any question is raised on the pleadings and, if so, the nature of the question" (Ill. S. Ct. R. 341(h)(2) (eff. Oct. 1, 2020)), a statement of the issues presented (Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020)), an adequate statement of facts necessary to understand the case with citations to the record (Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)), an argument section containing "the contentions of the appellant and the reasons therefor" with citations to authorities (Ill. S. Ct. R. 341(h)(7) (eff. Oct.

1, 2020)), a short conclusion stating the relief sought (Ill. S. Ct. R. 341(h)(8) (eff. Oct. 1, 2020)), or an appendix (Ill. S. Ct. R. 341(h)(9) (eff. Oct. 1, 2020)).

¶ 24    A reviewing court must "have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented." (Internal quotation marks omitted.) *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the appellant may dump the burden of argument and research." *Tirado v. Slavin*, 2019 IL App (1st) 181705, ¶ 39. Moreover, the supreme court rules governing appellate briefs are mandatory, and a *pro se* litigant is not relieved from complying with them. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶¶ 25-26. Given Ms. Steele's failure to comply with Rule 341(h), it would be within this court's discretion to dismiss her appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

¶ 25    Deficiencies in Ms. Steele's brief aside, we lack a sufficient record to resolve this appeal on the merits. Ms. Steele challenges the trial court's ruling revoking her power of attorney, denying her petition for guardianship, and appointing the Office of the State Guardian as plenary guardian. The trial court's written order states that a trial occurred where testimony and evidence were presented. Furthermore, the court entered the order based on "reasons stated on the record." However, Ms. Steele has failed to provide this court with a report of any proceedings or an acceptable substitute such as a bystander's report or an agreed statement of facts (see Ill. S. Ct. R. 323 (eff. July 1, 2017)) necessary for our review of the trial court's findings.

¶ 26    Ms. Steele, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Claims regarding the trial court's factual

findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Any doubts due to the incompleteness of the record are resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Without a complete record on appeal, we must presume that "the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392.

¶ 27    In cases involving the guardianship of a disabled adult, this court reviews the trial court's findings for an abuse of discretion, meaning a reviewing court cannot overturn a trial court's finding absent a ruling that it was "arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted." *In re Estate of Doyle*, 362 Ill. App. 3d 293, 303 (2005); *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009). Moreover, "[q]uestions of fact, *** determined *** by the circuit court in a nonjury case, are reviewed under the deferential, manifest weight of the evidence standard" which a reviewing court cannot determine without reviewing "all the evidence in the light most favorable to the prevailing party" and determining that the fact-finder's finding was palpably erroneous, wholly unwarranted, and unsubstantiated by the evidence. *Joel R. v. Board of Education of Mannheim School District 83*, 292 Ill. App. 3d 607, 611 (1997).

¶ 28    Here, our review of Ms. Steele's contentions requires review of the evidence and argument presented to the trial court. Without a transcript or proper substitute, we have no way of knowing the evidence and arguments that led to the trial court's order. The lack of transcripts or appropriate substitutes, coupled with Ms. Steele's deficient brief containing no argument regarding the trial court's alleged errors, frustrates this court's review as we have no basis to review the trial court's findings and any explanations the trial court may have given for its decision. See *Foutch*, 99 Ill.

2d at 391 ("From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant").

¶ 29    As Ms. Steele has provided an insufficient record on appeal for our review of her contentions, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Foutch*, 99 Ill. 2d at 392.

¶ 30                                    CONCLUSION

¶ 31    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 32    Affirmed.